ARNOLD WOOD D/B/A ARNOLD WOOD RADIO AND TV SERVICE v. NED DOWNING

5-4271                                    418 S. W. 2d 800

Opinion delivered October 2, 1967

*James E. Evans* and *Curtis E. Rickard*, for appellant.

*Bass Trumbo,* for appellee.

PAUL WARD, Justice. This litigation concerns a "lay-a-way" sale of a color television set.

Arnold Wood d/b/a Arnold Wood Radio and TV Service (appellant) is engaged in retailing and servicing radios and TV sets in Springdale.

On January 5, 1966 Ned Downing (appellee) made an agreement with appellant, at his store, to buy a specific color TV set for the price of $450. He paid $100 down and agreed to pay the balance upon delivery at a later date. The agreed date and term of delivery are in dispute, and this dispute is the issue in question.

Early in May of 1966 appellee went to the store to pay the balance due and pick up the set, and he was informed by appellant that he had sold the set to another person and that he had no other set of the same make. Appellee then demanded the return of the $100; appellant refused, and appellee instituted suit to collect the money.

A trial before the court, sitting as a jury, resulted in a judgment against appellant, and he now prosecutes this appeal.

Appellant's testimony is, in substance, that: At the time the sale was made at his store it was agreed and understood by both parties that appellee was to pay the balance of $350 and pick up the set within thirty days; he put the set in storage and held it until about the last of April when he sold it to another person, and; appellee did not come back to pay for, and pick up, the set until around the first of May.

Appellee and his wife (who was also present) testified in substance: They informed appellant, when the sale was made, that they were building a house in Springdale and did not want to accept delivery until the house was finished which would be sometime about the first of March; appellee went back in April and told appellant the house was not finished, and was informed the set was in storage; they went back later when the house was finished and were told the set had been sold

to another person, and; appellant refused to refund the $100.

The record reveals some corroboration of appellee's version. (a) Appellant's wife (who works in his store and was present when the sale was made) admitted she heard something about the construction of the house. (b) Clarence Payne, who was building the house for appellee, is a cousin to appellant. (c) The original sales slip shows these words written on the bottom—" in cash, no credit", but these words were not on the copy given to appellee.

In view of the above it is our opinion that the decision of the trial court (sitting as a jury) is supported by substantial evidence. Also we point out that appellant, after the lapse of thirty days from January 5th, was still holding the set in storage and that he did not give appellee notice he intended to sell the same to another party. Under the situation here we think appellee was entitled to a reasonable notice under Ark. Stat. Ann. § 85-2-706 (3) (Add. 1961).

Affirmed.