David Eugene ROGERS *v.* STATE of Arkansas

CR 75-24                                    524 S.W. 2d 227

Opinion delivered June 23, 1975

*Gene Worsham,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The jury found the appellant Rogers guilty of having delivered a controlled substance and fixed his punishment at a $4,000 fine and imprisonment for eight years. The State's proof showed that on February 5, 1974, Rogers sold a pound of marihuana to an undercover agent, Officer Walters, for $135. Rogers' present attorney, who did not represent him in the trial court, argues three points for reversal.

First, the statutory definition of marihuana contains an exception excluding certain parts of the plant, such as the mature stalks. Ark. Stat. Ann. § 82-2601 (n) (Supp. 1973). It is contended that Rogers was entitled to a directed verdict of not guilty, because the State failed to prove that the marihuana assertedly sold to Officer Walters did not consist solely of the excepted parts of the plant. The statute itself —

being a Uniform Act — answers that contention by expressly providing that it is not necessary for the State to negate any exemption or exception, in the information or at trial, the burden of proof being upon the person claiming the exemption or exception. Section 82-2630; *Smith* v. *United States*, 269 F. 2d 217 (D.C. Cir. 1959), cert. den. 361 U.S. 865 (1959); *Garner* v. *State*, 258 Ark. 321, 524 S.W. 2d 223, also decided today.

Secondly, it is insisted that the court erred in allowing the package of marihuana to be introduced in evidence, because a positive chain of possession was not established. We find no error. Officer Walters testified that after buying the marihuana on February 5 he took it to the Little Rock police headquarters and stored it in the narcotics safe. Before storing it he put his initials and the date on a piece of paper. He then put that piece of paper and the marihuana in a plastic bag, which he sealed with a heat-sealing machine. He explained that the machine "wasn't working too proper at that time and I may have added a staple to it." He also attached police department property tag No. 1101 to the bag, writing his initials on the tag. Two days later Officer Bullerwell took the package, bearing tag No. 1101, from the safe and delivered it to Don Wise, a chemist at the State Department of Health. Wise, after testing the substance and finding it to be marihuana, put the package in a vault, where it remained until he brought it to court on the day of trial. Wise identified the package as the one he received on February 7. Walters, Bullerwell, and Wise all testified.

The appellant, in insisting that the package was not admissible, relies upon several asserted uncertainties in the State's testimony. Although Officer Walters, testifying more than six months after he sealed the bag, said that he "may have added a staple" to the heat seal, there were no staple marks on the bag. The slip of paper described by Officer Walters was not in the bag when it was offered in evidence. Upon that point the chemist, Wise, testified:

Q. Were there any markings inside the plastic bag?

A. I made note of no markings. I do not know whether

there was or not. I don't recall.

Officer Walters identified his handwriting on tag No. 1101, but it was partly in ink and partly in pencil, because "the pen went bad." When the officer was asked on cross-examination if he was identifying the tag, his answer was: "Yes, sir. I couldn't swear that this is — but it was — " At that point the witness was interrupted by defense counsel and did not finish whatever he started to say.

Despite some uncertainties in the State's testimony, the trial court properly admitted the package into evidence. Officer Walters testified that he put tag No. 1101 on the package, that he initialed it, and that the initialed tag was on the package when it was offered in evidence. The intervening chain of custody was established. Thus there was a prima facie showing of admissibility. The appellant relies upon *Fight* v. *State*, 254 Ark. 927, 497 S.W. 2d 262 (1973), but in that case there were somewhat similar deficiencies in the State's proof. In upholding the trial court's action in allowing the introduction of the evidence we said: "The court held the evidence admissible, but told the members of the jury that it was up to them to decide whether Officer Langston eventually placed in the mails the same substance that was given to him." In the case at bar the minor uncertainties in the proof were matters to be argued by counsel and to be considered by the jury, but they did not render the package inadmissible as a matter of law.

Finally, it is insisted that the trial judge was wrong in giving the following instruction at the State's request:

The defendant is charged with the offense of delivering a controlled substance, to-wit: Marijuana. Act 590 of 1971, as amended, makes it unlawful for any person to deliver Marijuana, a controlled substance, as defined within the Act.

"Deliver" is defined as follows: "Deliver" or "delivery" means actual, constructive or attempted transfer from one person to another of a controlled substance in exchange for money or anything of value,

whether or not there is an agency relationship.

Defense counsel, however, made only a general objection to the instruction, which is insufficient to preserve any point for appellate review. Rule 13, Uniform Rules for Circuit and Chancery Courts, Ark. Stat. Ann., Vol. 3A, Supp. 1973, p. 126.

Despite the absence of any objection it is argued, upon the authority of *United States* v. *Clark*, 475 F. 2d 240 (2d Cir. 1973), that a defendant's constitutional right to a fair and impartial trial requires the judge to give correct instructions upon his own motion, regardless of the action of counsel. The *Clark* case, however, is readily distinguishable from this one, owing to substantial differences between the federal procedure and our state procedure.

In *Clark* the trial judge extemporaneously gave oral instructions that were in some respects incomplete, incomprehensible, and wrong. The Court of Appeals, after reversing the judgment upon another point, held that the instructions were so deficient and defective as to amount to "plain error . . . affecting substantial rights" within the meaning of Rule 52(b) of the Federal Rules of Criminal Practice. That rule provides that plain errors or defects affecting substantial rights may be noticed by an appellate court although they were not brought to the attention of the trial court. We have no such rule in Arkansas. On the contrary, our Uniform Rule 13, *supra*, requires that objections to instructions be specific, to the end that new trials will not be required for errors that might have been corrected had they been brought to the attention of the trial court.

Affirmed.