Arthur R. DOWNS *v.* STATE of Arkansas

CR 75-174                          532 S.W. 2d 427

Opinion delivered February 9, 1976
[Rehearing denied March 8, 1976.]

*Harold L. Hall,* Public Defender, by: *Michael Castleman,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Walter W. Nixon III,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. On October 23, 1973, an individual identifying himself as "Art" called the Narcotics Division of the Little Rock Police Department on its unlisted number and asked Undercover Detective Horace Walters if he were the person interested in buying some heroin. Walters

responded affirmatively, met appellant Arthur Downs and a $2600 purchase price was discussed.

On October 26, 1973, appellant called again, and Walters went to meet him at the Union 76 Truck Stop on Interstate 40. While there Walters purchased a small, tinfoil wrapped sample of heroin from appellant for $15.00.

Walters and appellant agreed to meet later at the Razorback Drive-In in Little Rock, which they did. While there appellant removed a box from the trunk of his car, and he and Walters drove to a nearby parking lot where police officers were secreted. Upon a signal from Walters the officers converged on Walters and appellant, arresting both of them. The box containing what appeared to be heroin was removed from the hood of the car, tagged and later taken to the Arkansas State Health Department for analysis. Subsequent analysis on the contents proved positive for heroin, as had analysis earlier performed on the smaller sample. Appellant Downs was charged with one count each of possession and sale of heroin, tried by the court, found guilty and sentenced to concurrent 20 year terms on each count.

As error appellant urges that the State failed to properly connect him with the evidence used to charge him with both possession and sale of heroin. On appellate review we consider only that evidence most favorable to the appellee and affirm if there is any substantial evidence. *Williams* v. *State*, 257 Ark. 8, 513 S.W. 2d 793 (1974).

With regard to the charge of possession of heroin, appellant contends that no testimony was given at trial identifying the substance as having been in his possession or as being the same substance taken from the automobile at the time of his arrest; further, that the officers handling the heroin did not establish an unbroken chain of custody as is necessary before the evidence is properly admissible. Appellant assigns practically identical arguments to the charge of sale of heroin.

Detective Walters, who purchased the tinfoil package of heroin, gave it property tag number 803 and personally plac-

ed it in the narcotics safe. Later at trial he specifically identified it as being the same substance he had purchased earlier.

Officer Ron Thompson testified that at approximately 3 p.m. on October 26, 1973, he transported evidence with property tag number 803 to the State Laboratory and turned it over to Don Wise, a chemist for the State Department of Health, who signed for it.

Chemist Don Wise testified that at 3 p.m. on October 26, 1973, he received from Officer Thompson a two and a half by four inch manila envelope containing a tinfoil package of brown powder and bearing property tag number 803. Wise assigned the package sample number 02042 and chemically analyzed the sample, obtaining a positive test for heroin. Wise then produced the package in court, identified and described it and testified that it contained the powder he had tested. The evidence was then introduced as State Exhibit No. 1.

Appellant has produced no testimony or other evidence to even suggest that the package purchased from defendant by Detective Walters was tampered with in any way.

As to State's Exhibit No. 2, Detective Walters testified that he saw appellant take a box from his car, which he later saw at the parking lot, and he again saw the same shotgun shell box at police headquarters.

Lieutenant Walter E. Simpson testified as follows:

A. The shotgun shell box, which did contain the narcotics, what was later determined to be a narcotic substance, heroin, was on the hood as I came. Mr. Downs was there along with Officer Walters. We all hit at the same time, and I grabbed the box which did contain the shotgun shells on top, and underneath there was some balloon type item which did contain the powdery substance.

Lieutenant Simpson further testified that after the arrest

and seizure of the evidence he and Detective Jerry Royster wrote a tag sheet giving it tag number 808. Then Simpson and Royster attached the tag to the substance and placed it in the narcotics safe.

Detective Royster confirmed in every detail the testimony of Lieutenant Simpson relating to transporting the evidence from the scene of the arrest to the Police Department, tagging it with number 808, placing it in a manila envelope, and storing it in the narcotics safe.

Detective Richard Fulks testified that on November 6, 1973, at 1:30 p.m., he transported the evidence stored under property tag number 808 to the Arkansas State Health Department and turned it over to Chemist Charles T. Bounds for chemical analysis and that the evidence was assigned lab sample number 02101 by Bounds.

Bounds testified that he received the envelope with property tag 808 attached from Detective Fulks at 1:30 p.m. on November 6, 1973, and that the sample number 02101 was then assigned to the package. He further testified that the envelope contained a sealed rubber balloon and a brownish gray powdery material, which he later determined contained heroin. Bounds then positively identified the package, which he had with him in court, as the same that had been delivered to him by Detective Fulks and analyzed by him.

As to appellant's speculative assertion that the evidence *could* have been tampered with, in *Fight* v. *State*, 254 Ark. 927, 497 S.W. 2d 262 (1973), we stated:

The purpose of the chain of identification is to prevent the introduction of evidence which is not authentic.

In *Wickliffe and Scott* v. *State*, 258 Ark. 544, 527 S.W. 2d 640, (1975), we said:

In *West* v. *United States*, 359 F. 2d 50, 55 (8th Circ. 1966), cert. den. 385 U.S. 867 (1966), the court said: "Appellant seems to be arguing that as long as it was conceivable that the evidence could have been tampered

with, it should not have been admitted. This, however, is not the law. The government need not exclude all possibilities of tampering. The Court need only be satisfied that in reasonable probability the article had not been changed in important respects."

This issue also has been discussed in *Witham* v. *State*, 258 Ark. 348, 524 S.W. 2d 244 (1975); *Freeman* v. *State*, 238 Ark. 804, 385 S.W. 2d 156 (1964); and *Rogers* v. *State*, 258 Ark. 314, 524 S.W. 2d 227 (1975).

We have not held here, nor in earlier cases, that appellant's failure to substantiate the contention of tampering per se renders the evidence admissible. It is but one factor to be weighed with others in passing on the authenticity of the evidence. However, the instant appeal contains ample proof of the complete chain of custody and of the authenticity of the evidence admitted.

Affirmed.