334

Edward LACY, Jr. *v.* STATE of Arkansas

CR 80-137                     609 S.W. 2d 13

Supreme Court of Arkansas
Opinion delivered December 8, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jack Kearney*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Lacy was charged with aggravated robbery and with being an habitual criminal with four prior felony convictions. He was convicted by a jury and sentenced to life imprisonment. He contends that the trial court erred in admitting into evidence two statements made by him after he was taken into custody and, second, that the State failed to adduce sufficient corroboration of the testimony of Edward Sherman, an accomplice. We find no merit in either contention, nor any other reversible error.

For the State, employees of an El Dorado store testified that Lacy held them up on the night of October 13, 1979. When one of the employees, Jewell Darden, reached under a counter for a hammer, Lacy pointed his pistol at Darden and snapped the trigger twice. The gun failed to fire. Lacy, pursued by Darden, ran out of the store, got into a waiting car, and drove off with another person. Sherman, the accomplice

who drove the car, gave testimony identifying Lacy as the robber.

Sherman was quickly arrested and implicated Lacy. When Lacy learned that the police were looking for him, he called in and asked that his cousin, Officer Moody, pick him up. At a Denno hearing Moody testified that he did pick up Lacy, took him to police headquarters, and booked him. Moody, in filling out an arrest report, obtained routine information from Lacy, such as his address, date of birth, and place of employment. When Moody told Lacy that he was being charged with armed robbery, Lacy made the first of the statements in question: "How could I be charged when I haven't taken anything?" The second statement was made a short time later, when Lacy was washing his hands after having been fingerprinted. He then saw the accomplice, Sherman, also in custody, and said to Officer Murphree: "I don't know what you're talking to him for. He didn't have anything at all to do with this." Neither of the officers was interrogating Lacy when the statements were made. To the contrary, Officer Moody testified that he did not normally participate in interrogations, and Officer Murphree said he merely showed Lacy where to wash his hands.

It is argued that the statements were inadmissible, because Lacy was in custody and no Miranda warnings had been given. True, but the important point is that Lacy was not being interrogated as a suspect, with respect to his possible guilt, when the statements were made. Both statements were spontaneous. On this issue the case is controlled by the Supreme Court's decision earlier this year in *Rhode Island* v. *Innis*, 100 S. Ct. 1682 (1980). There Innis was arrested as a suspect and given Miranda warnings, but he asked for a lawyer. The court held that his spontaneous statements to the arresting officers were admissible, because the special Miranda safeguards are not required until the suspect is subjected to interrogation. The cases are parallel in that statements in response to interrogation would not have been admissible in either instance — here because the Miranda warnings had not been given, there because the suspect had responded to those warnings by asking for a lawyer. But the statements in both cases were spontaneous and therefore admissible.

Our holding in *Reeves* v. *State*, 258 Ark. 788, 528 S.W. 2d 924 (1975), does not support the appellant's position. There is was undisputed that Reeves was interrogated by a police officer without having been warned of his rights; the disputed issue was whether he was under arrest. Here the situation is just the opposite: Lacy was indisputably under arrest, but he was not being interrogated. Not even the dissenting judges in *Rhode Island* v. *Innis, supra*, contended that Miranda warnings are required whenever a person is arrested. That necessity arises only when interrogation begins.

As to Lacy's argument that Sherman's testimony was not corroborated, a complete answer is that Darden identified Lacy as the person who robbed him. Darden's credibility on that point was of course an issue for the jury.

Affirmed.

PURTLE, J., dissents.