**James HOLIDAY, Appellant,**

v.

**Donald WYRICK, Warden, Appellee.**

**No. 81–1128.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 23, 1981.

Decided Nov. 10, 1981.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen. (argued), Jefferson City, Mo., for appellee.

J. Reed Johnston, Jr. (argued), Richard J. Pautler, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for appellant.

Before LAY, Chief Judge, STEPHENSON and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

James Holiday appeals from the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 without an evidentiary hearing by the District Court[1] for the Eastern District of Missouri. For reversal petitioner argues that the district court erred in failing to hold an evidentiary hearing to determine the circumstances surrounding an allegedly unconstitutional search of his apartment and his defense attorney's failure to file a pretrial motion to suppress certain evidence seized during that search. For the reasons discussed below, we affirm the denial of the petition for writ of habeas corpus by the district court.

Petitioner, an inmate of the Missouri Penitentiary, was convicted by a jury in 1977 of stealing a motor vehicle. The state trial court sentenced petitioner to ten years imprisonment. Petitioner appealed his conviction to the Missouri Court of Appeals, which affirmed his conviction. *State v. Holiday*, 572 S.W.2d 178 (Mo.App.1978). Petitioner's *pro se* motion to recall mandate was denied in October 1980. Petitioner then filed the present *pro se* petition for writ of habeas corpus, alleging (1) denial of

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

his right to effective assistance of counsel on appeal by defense counsel's failure to raise on appeal several points [2] raised in his motion for new trial, (2) denial of a fair trial by the admission of prejudicial irrelevant evidence, and (3) denial of a fair trial by the prejudicial remarks of the prosecuting attorney during closing argument. The district court referred the petition to the United States Magistrate [3] pursuant to 28 U.S.C. § 636(b) for initial review and recommended disposition. The magistrate recommended dismissal. The district court adopted this recommendation and denied the petition. *Holiday v. Wyrick,* No. 80–1385C(2) (E.D.Mo. Jan. 15, 1981). This appeal followed.

For reversal petitioner argues that the district court erred in failing to hold an evidentiary hearing in order to fully develop the record. *See, e. g., Clark v. Blackburn,* 619 F.2d 431, 433–34 (5th Cir. 1980) (per curiam). Petitioner argues that the police search of his apartment was conducted without a search warrant, without consent, and was not justified either by exigent circumstances or as incident to arrest.[4] Petitioner further argues that an evidentiary hearing was necessary to resolve his allegation of ineffective assistance of counsel. Petitioner argues that he was denied effective assistance of counsel because his defense attorney failed to file a pretrial motion to suppress. *See, e. g., United States v. Easter,* 539 F.2d 663, 665 (8th Cir. 1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). We note that petitioner's defense attorney did object at trial to the introduction of the challenged evidence and moved for a suppression hearing at that time. The state trial judge denied the objections and motion.

■ We must affirm the district court's denial of habeas corpus relief. First, we note that petitioner has changed on appeal his grounds for relief. Petitioner sought relief in the district court on the basis of ineffective assistance of counsel *on appeal,* evidentiary error, and prejudicial closing argument. Now on appeal in this court petitioner seeks relief on the basis of ineffective assistance of counsel *at trial* and an unconstitutional search. These claims were not presented to the district court and, under these circumstances, we do not reach them.

We do not agree with petitioner's argument that we should liberally construe his *pro* se petition to include an allegation of ineffective assistance of counsel *at trial,* citing *Wilwording v. Swenson,* 502 F.2d 844, 847 n.4 (8th Cir. 1974), *cert. denied,* 420 U.S. 912, 95 S.Ct. 835, 42 L.Ed.2d 843 (1975). The petition here clearly alleged ineffective assistance of counsel with respect to his defense attorney's preparation and presentation of his *appeal* in the state appellate court. Petitioner specifically argued that several meritorious allegations which had been raised in the motion for new trial were improperly omitted on appeal. Now on appeal petitioner challenges his defense attorney's failure to file a pretrial motion to suppress evidence, a claim which is factually related to that raised in his habeas petition. However, unlike the petitioner in *Wilwording,* petitioner herein does not seek to clarify the grounds relied upon in his original petition but to add another ground which, in all fairness to the district court, we cannot say was raised below. Under these circumstances we decline to construe petitioner's claim of ineffective assistance of counsel on appeal to include his claim of ineffective assistance of counsel at trial.

■ Second, it appears from the record that neither the ineffective assistance of

---

**2.** As noted by the magistrate, the points not raised on appeal in state court involved evidentiary rulings, the trial court's refusal to grant an untimely motion for a suppression hearing, and the trial court's refusal to give an instruction requested by petitioner.

**3.** The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

**4.** During argument on post-trial motions, the prosecuting attorney apparently referred to the possibility that the police had obtained prior consent to search the apartment from a third party, petitioner's roommate.

counsel claim nor the unconstitutional search claim has been raised in the state courts. Therefore, petitioner has not exhausted his available state remedies. *E. g., Conner v. Auger,* 595 F.2d 407, 413 (8th Cir.) (per curiam), *cert. denied,* 444 U.S. 851, 100 S.Ct. 104, 62 L.Ed.2d 67 (1979). The state has not waived the claim of failure to exhaust state remedies in the present case. The magistrate's statement that the state does not argue the question of exhaustion refers to the three issues raised in petitioner's habeas petition. *See* note 2 *supra.* As discussed above, petitioner raised two new issues on appeal. The state in its brief to this court clearly raised the claim of failure to exhaust with respect to these two new issues. *See* Brief for Appellee at 7.[5]

■ Last, we have carefully reviewed the record and conclude that the district court properly denied habeas corpus relief on the basis of the three issues presented in the petition.

Accordingly, the denial of the petition for writ of habeas corpus is affirmed. Our affirmance is without prejudice to petitioner's presentation of his claims of ineffective assistance of counsel at trial (defense counsel's failure to file a pretrial motion to suppress) and the unconstitutional search of his apartment in the state courts and in the district court.[6]

---

**5.** Moreover, this court will raise the question of failure to exhaust state remedies *sua sponte. Compare Conner v. Auger,* 595 F.2d 407, 413 (8th Cir.) (per curiam), *cert. denied,* 444 U.S. 851, 100 S.Ct. 104, 62 L.Ed.2d 67 (1979), *with Messelt v. Alabama,* 595 F.2d 247, 251 (5th Cir. 1979) (per curiam) ("Failure to raise the contention of lack of exhaustion at the district court level is ordinarily a bar to its consideration on appeal.").

**6.** We note, however, that federal court review of fourth amendment claims in habeas corpus proceedings is limited:

[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his [or her] trial.

*Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976) (footnote omitted); *see, e. g., Caver v. Alabama,* 577 F.2d 1188, 1193 (5th Cir. 1978).