T. J. HAYES *v.* STATE of Arkansas

CR 81-31                                    625 S.W. 2d 498

Supreme Court of Arkansas
Opinion delivered December 21, 1981

*Ben Johnson, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of capital felony murder of two individuals in the same criminal episode (Ark. Stat. Ann. § 41-1501 [Repl. 1977]) and assessed his punishment at death by electrocution. We find merit in appellant's first contention for reversal that the trial court erred in denying him access to the staff reports and records made by the Southeast Arkansas Mental Health Center and the State Hospital in conjunction with court ordered psychiatric and psychological examinations.

On August 15, 1979, through court appointed counsel, the court granted appellant's request that he be examined at the local S.A.M.H.C. That agency's report, addressed to the court, indicated, *inter alia,* that appellant suffered from borderline retardation, and the examiners recommended to the court that he be sent to the State Hospital for further testing and evaluation. A one page letter dated January 3, 1980, from the State Hospital, signed by an examining psychiatrist, was filed with the court diagnosing the appellant as being without psychosis, although suffering from alcohol addiction and severe antisocial personality. The letter stated that the staff findings were derived from historical data, physical and neurological examinations by the examining physicians, laboratory and other physical studies, psychological assessment by staff psychologists, and psychiatric history and direct psychiatric examination by the examining psychiatirst. The letter report concluded by stating that "[c]opies of supporting documents may be obtained as provided by law upon authorization of the court of jurisdiction and payment of copying costs." Appellant's counsel agrees that he received a copy of this letter report. However, he disputes he ever received a copy of the S.A.M.H.C. reports.

The appellant petitioned the court on March 5, 1980, for release of the psychiatric records, stating "that it is necessary for defendant's defense that he be provided with all lay and professional staff reports compiled in relation to examinations of defendant at the State Mental Hospital, Rogers Hall and the Southeast Arkansas Mental Health Center." The trial judge found this information was outside the scope of discovery and denied the petition.

Where there is a court ordered mental examination of a defendant, as here, Ark. Stat. Ann. § 41-605 (8) (Repl. 1977) provides:

There shall be made available to the examiner and *counsel, for inspection and copying,* all existing medical records in the custody of public agencies notwithstanding the provisions of any statute enacted prior to

the effective date [Jan. 1, 1976] of the code. (Italics supplied.)

The S.A.M.H.C. and the State Hospital are public agencies and their records pertaining to the examination of the appellant fall within the scope of this statute. In *Westbrook v. State*, 265 Ark. 736, 580 S.W. 2d 702 (1979), the appellant filed a motion to obtain the full records of the State Hospital relating to two prior commitments of the appellant. The motion was granted but the appellant never received the records. In holding the trial court abused its discretion in denying appellant's motion for a continuance until the records were received, we said:

> Due to the nature of the defense we feel it was necessary that appellant have these records, if they exist, in order to fully prepare his defense. . . . It may be that something in these records would have enabled appellant to furnish stronger proof on his behalf.

We further stated he was entitled to these records as a matter of law, citing § 41-605 (8), *supra.*

Here, it could be that an inspection and copying of these records and reports would have better enabled the appellant to prepare his defense, or interpose the defense of insanity, or present at trial crucial evidence bearing on mitigation, such as possible mental retardation, during the sentencing phase of the trial. We hold it was prejudicial error to deny him access to these agencies' reports.

Appellant next contends the court erred in denying his petition for an independent psychological testing and evaluation by a named private psychologist at state expense. The court was correct. *Westbrook v. State, supra; Andrews v. State*, 265 Ark. 390, 578 S.W. 2d 585 (1979); and *Maxwell v. State*, 259 Ark. 86, 531 S.W. 2d 468 (1976).

Appellant asserts the court erred in limiting cross-examination of two police officers on relevant issues during the Denno hearing. The court refused to allow appellant to inquire into the length of time appellant spent in the police

car from the time he left the county jail with the officers until they arrived at the crime scene. Since the deputy prosecutor acknowledged the span of time involved and this information was amply elicited through the testimony of various witnesses who established the times and locations at which the appellant made various statements during the afternoon, appellant has not demonstrated he was prejudiced.

Appellant also tried to cross-examine an officer as to the procedures used by the county sheriff's office when an indigent defendant requests counsel. The court correctly sustained the state's objection since the procedure was beyond the knowledge of the witness and, further, as the court noted, the sheriff's office has nothing to do with securing and appointing counsel for indigent defendants. Also, appellant's counsel indicated he was abandoning this "line of questioning."

The appellant further attempted to elicit information from an officer as to the general policy of the sheriff's department in taking statements. The state's objection to the question was correctly sustained. The court ruled that the general policy of the sheriff's office, as to whether a statement be written or oral, is irrelevant to the determination of whether the appellant's statemens were freely and voluntarily made. The appellant has failed to show how the trial court's ruling was a manifest abuse of discretion.

The appellant next asserts the trial court erred in refusing to suppress certain staements made by him to police officers. The state has the burden of proving by a preponderance of the evidence the voluntariness of a custodial statement, and on appeal we make an independent determination based on the totality of circumstances surrounding the statement. In doing so, we do not reverse a trial court's finding unless clearly against the preponderance of the evidence. *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1974).

The first incriminating statement made by appellant was when he walked into the local county jail and stated he wanted "to turn himself in. I think I just killed my girl

friend." This statement was spontaneous. Therefore, it was properly admitted. *Lacy* v. *State*, 271 Ark. 334, 609 S.W. 2d 13 (1980); and *Little* v. *State*, 261 Ark. 859, 554 S.W. 2d 312 (1977). Here, after appellant made that statement, he was escorted to a waiting room in the jail. A detective was called in who asked the appellant several questions. The statements made to this detective were suppressed, as the detective could not say for certain that he had advised appellant of his Miranda rights at this time. The detective determined that the homicide probably occurred within the city limits and called the police department. Two officers came to the jail. At the Denno hearing both testified the appellant was read his Miranda rights and he indicated he understood them. There was further testimony that the appellant did not appear intoxicated when he arrived at the county jail. He told these officers he had killed his girl friend and would take them to the scene of the crime. One officer read the appellant his rights again when they entered the police car. Two officers understood that the murder occurred at appellant's girl friend's house, but when they arrived there he became upset and hysterical and told them it happened on the outskirts of the city. Appellant then directed the officers to a location 4½ miles from town where the bodies of the two victims, appellant's girl friend and a cab driver, were found, as well as the cab in which the cab driver, as directed, had transported them. Briefly, the appellant said he had killed the cab driver when he refused to leave the threatened woman, whom he also killed because of his jealousy about her attention to another lover.

At approximately 7:30 p.m. or about four hours after his "walk-in" or spontaneous statement at the jail, the appellant signed a written waiver of his Miranda rights. The officers testified that the appellant indicated, as before, he understood his rights and the meaning of the waiver and freely and voluntarily reiterated his complicity in the alleged murders. Neither did he request an attorney. However, appellant's version ws that he was incapable of making a voluntary statement because he had been drinking most of the day and was in a state of hysteria following the alleged offenses. Further, he asked for and was denied an attorney. It was for the trial court to resolve the credibility of the

witnesses and any conflict in their testimony. We cannot say that the trial court's finding of voluntariness is clearly against the preponderance of the evidence. *Degler* v. *State, supra; Giles* v. *State,* 261 Ark. 413, 549 S.W. 2d 479 (1977); *Wright* v. *State,* 267 Ark. 264, 590 S.W. 2d 15 (1979); and *Harvey* v. *State,* 272 Ark. 19, 611 S.W. 2d 762 (1981).

The appellant also argues that certain statements made by him on July 26, 1979, or ten days later were involuntarily made and the court erred in finding otherwise. These statements, which were somewhat repetitious or duplicative of his previous statements, were not introduced at trial. We fail to perceive nor has appellant demonstrated how he was prejudiced by the non-use of these statements.

The appellant next contends he was denied his right to a speedy trial. Appellant was arrested on July 16, 1979, and was tried on February 5, 1981. Therefore, he argues that four terms of court had elapsed between his arrest and trial or a total of 18 months with only five months of this delay fairly attributable to appellant. The term in which a defendant is charged does not count in determining the full terms of court. *Matthews* v. *State,* 268 Ark. 484, 598 S.W. 2d 58 (1980). In *Kemp* v. *State,* 270 Ark. 835, 606 S.W. 2d 573 (1980), we held there are two terms of court for any one year period in the Jefferson County Circuit Court, one that begins in March and one that begins in October. The counting of terms for the purposes of Rule 28 here begins with the October, 1979, term. The second term begins in March, 1980, and ends in October, 1980. The third term begins in October, 1980, and ends in March, 1981. The appellant was tried on February 5, 1981, which is well within the three full terms required under Rule 28. The trial court was correct in denying appellant's motion to dismiss for lack of a speedy trial.

Neither do we agree with appellant that the trial court erred in failing to grant him a plea and arraignment prior to trial. In an amended motion to suppress, dated July 9, 1980, he acknowledged he was arraigned on August 6, 1979, which is also the date that he was appointed counsel. Further, at appellant's request, he was formally arraigned at trial. We

have said that the mere failure to arraign is not reversible error. *Hayden* v. *State*, 55 Ark. 342, 18 S.W. 239 (1892); and *Ellingburg* v. *State*, 254 Ark. 199, 492 S.W. 2d 904 (1973).

Appellant's final argument is that the trial court erred in limiting the testimony of Kathie Anderson, during the guilt phase of the trial, about appellant's general drinking habits. The court sustained the state's objection unless the testimony was related to the date of the murders. A brief proffer of proof revealed that Mrs. Anderson had observed appellant drinking heavily on two specific occasions, the latest being two or three days before the alleged offenses. The appellant has not demonstrated a manifest abuse of discretion by the court.

Pursuant to Supreme Court Rule 11 (f), Ark. Stat. Ann. Vol. 3A (Repl. 1977), we have reviewed the transcript for rulings adverse to appellant and find no other error prejudicial to his rights.

Reversed and remanded.