Edward LACY, Jr., Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 82–1803.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1982.

Decided Jan. 12, 1983.

Certiorari Denied May 2, 1983. See 103 S.Ct. 1899.

Steve Clark, Atty. Gen. by William C. Mann, III, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

This matter comes before the court on the appeal of Edward Lacy, Jr. from the district court's [1] denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Lacy raises several issues on appeal, including whether the circumstances of an in-court identification were unconstitutionally suggestive and whether his trial counsel was ineffective in failing to challenge the basis for his sentence as an habitual offender. We affirm the judgment of the district court.

I. *Background.*

On October 13, 1979, an armed man held up a Roadrunner store in El Dorado, Arkansas. When the robber's pistol failed to fire, he fled into a waiting car and drove away with another person. Shortly thereafter, the police located the car and arrested Edward Sherman, who was hiding in the

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Ar- kansas.

bushes nearby. Sherman claimed that he merely drove the getaway car, and he identified Edward Lacy, Jr. as the robber. Later that day, Lacy was taken into custody and charged with aggravated robbery.

At Lacy's trial on March 11, 1980, the principal witnesses for the prosecution were the two store clerks present during the robbery, Ruth Cassidy and Jewell Darden, and Lacy's accomplice, Sherman. Lacy based his defense on the contention that he was the driver and that Sherman performed the robbery. Sherman testified to the contrary, and at trial Darden identified Lacy as the robber. The jury returned a guilty verdict, and Lacy received a life sentence under Arkansas' habitual offender statute. After exhausting his state remedies,[2] Lacy filed the instant section 2254 petition. The district court denied the petition without evidentiary hearing, but granted Lacy a certificate of probable cause to appeal. This appeal followed.

## II. Issues.

### A. Miranda Violation.

■ Lacy alleges that two incriminating statements[3] which he made after being arrested but before receiving the *Miranda* warnings should have been suppressed. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Arkansas trial court held a hearing on this issue and determined that the two statements were spontaneous. Because the statements were not produced by interrogation, the court held them admissible under *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (*Miranda* safeguards apply only when suspect subjected to direct questioning or its equivalent).

The district court relied on *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66

L.Ed.2d 722 (1981), in deferring to the state court's finding of spontaneity, and accordingly agreed that the statements were properly admitted. After reviewing the record, we affirm the district court's decision to dismiss this argument without an evidentiary hearing. The facts were fully developed in the state court proceedings, and the state court applied the correct legal standards in admitting the statements.

### B. In-court Identification.

Two eyewitnesses testified at Lacy's trial. One, Ruth Cassidy, was unable to identify Lacy as the robber. In the statement she gave to the police shortly after the crime, she described the robber as having a full beard and mustache. Police photos taken of both suspects when they were arrested showed that Sherman had a beard and Lacy had a small amount of hair on his chin. The other eyewitness, Jewell Darden, positively identified Lacy as the robber at trial. He had not seen Lacy between the incident and trial, and he, too, initially described the robber as bearded.

On appeal, Lacy argues that taking this background into account and considering that Lacy was the only black person in the courtroom, Darden's in-court identification was the fruit of unconstitutionally suggestive circumstances. He asks that the case be remanded for an evidentiary hearing on this issue.

■ Lacy did not present this argument to the district court, but instead challenged the identification testimony of the other eyewitness, Ruth Cassidy. We do not consider newly raised issues for the first time on appeal. Even if Lacy's challenge to Cassidy's identification could be construed to incorporate a challenge to Darden's identification as well, we would hold it to be

---

2. The Arkansas Supreme Court affirmed Lacy's conviction on direct appeal, *Lacy v. State,* 271 Ark. 334, 609 S.W.2d 13 (1980), and denied his request for postconviction relief under Arkansas Criminal Procedure Rule 37 in an unpublished opinion.

3. Lacy made the first statement during the booking procedure. The arresting officer testi-

fied that when he informed Lacy of the charge against him, Lacy inquired how he could be charged with armed robbery when he hadn't taken anything. When Lacy encountered his accomplice at the City Jail, he made the second statement: "I don't know what you're talking to him for. He didn't have anything at all to do with this."

without merit. Darden had a substantial opportunity to view the robber at the time of the crime, and there were no suggestive pretrial identification procedures to taint his in-court identification. The inconsistency in the eyewitnesses' initial description relating to a beard on the robber was fully explored at trial. The jury could take all of these considerations into account in deciding the amount of weight to give to Darden's testimony. We are not prepared to hold that the presence of only one black person in the courtroom necessarily invalidates Darden's in-court identification. Absent additional indicia of suggestiveness, Darden's testimony was properly admitted.

### C. *Sufficiency of the Evidence.*

Lacy's argument on this point assumes that Darden's in-court identification should have been excluded. According to Lacy, the only other evidence implicating him was the uncorroborated testimony of his accomplice which under Arkansas law will not support a conviction. Because we have dismissed Lacy's challenge to Darden's identification, this argument lacks merit.

### D. *Ineffective Assistance of Counsel.*

█ Finally, Lacy contends that the district court should have granted an evidentiary hearing on his claim of ineffective assistance of counsel. Lacy asserts that his trial attorney acted incompetently in failing to call additional witnesses suggested by Lacy, including an alibi witness and several witnesses who could corroborate that Lacy had no beard on the day of the robbery. In addition, Lacy complains that his trial attorney ought to have challenged his sentencing as an habitual offender on the grounds that his four prior convictions were effectively two convictions and that the Government did not properly prove any of his prior convictions.

Lacy raised only the latter allegation of ineffective assistance of counsel, regarding proof of his prior convictions, before the district court. We will not address Lacy's additional allegations of incompetence at trial for the first time on appeal. *Holiday v. Wyrick,* 663 F.2d 789, 790 (8th Cir.1981).

### III. *Conclusion.*

We conclude that the district court properly denied habeas corpus relief without an evidentiary hearing on the basis of the issues presented in Lacy's petition. The judgment of the district court is hereby affirmed.