Michael DOUGLAS *v.* STATE of Arkansas

CR 85-38                     692 S.W.2d 217

Supreme Court of Arkansas
Opinion delivered June 24, 1985

*Arnold, Hamilton & Streetman*, by: *Herman L. Hamilton, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Alice Ann Burns*, Dep. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, age 15, was convicted of rape and sentenced to 40 years imprisonment. On appeal he contests the admissibility of an in-court confession and a rape kit, and challenges the sentencing court's jurisdiction. Our jurisdiction is pursuant to Sup. Ct. R. 29 (1)(b). We affirm.

The appellant was arrested and charged on March 20, 1984, in Drew County, Arkansas, with having raped Olga Harris, age 79, of Wilmar, Arkansas. At the time of his arrest, he was read his rights three times and signed a rights form. The appellant's mother was present at least one of the times that the appellant was advised of his rights and when he signed the form. A change of venue was granted and he was tried by a jury in Ashley County.

A hearing was held in Ashley County on March 21 at which bond was set and the appellant was advised of his right to remain silent and his right to appointed counsel. He was also informed of the charge against him and the range of penalties it carries. The appellant was not represented by counsel at the hearing, nor was his family present, but he was again advised in open court of his constitutional rights. During the hearing, the trial judge asked the appellant at least four times if he wanted an attorney. Each time the appellant replied that he did not and the judge explained in detail that he had a constitutional right to be represented by counsel and an attorney would be appointed for him if he could not afford to hire one. The judge indicated that he would give the appellant a chance to talk to his mother about whether to retain an attorney. The following then took place:

> THE COURT:. . . After you have an attorney, if you do decide you want one, we'll discuss the matter further at that time.

> MR. DOUGLAS: What I'm saying is the reason I don't want an attorney I know I'm guilty of the charges. I just

want to let you choose whoever you want to choose.

THE COURT: Well, now ah, I don't . . . I'm not going to accept any kind of a plea today until you've had an opportunity to talk to a lawyer. I'm going to safeguard your rights and let you talk to a lawyer. Okay?

MR. DOUGLAS: Yes, sir.

At the subsequent jury trial and over the appellant's objection, the state read the open court confession into evidence. The appellant's first two assignments of error are that the trial court erred in admitting the confession and thereby violated his fifth, sixth and fourteenth amendment rights.

In support of this allegation, the appellant maintains the court erred in finding he had knowingly, intelligently, and voluntarily waived his fifth and fourteenth amendment rights at the time he made the statement in court. The basis of the appellant's argument is that the trial court refused to accept the confession as a guilty plea. The appellant maintains this refusal was an indication the trial judge thought the appellant had not properly waived his rights.

We disagree with the appellant's interpretation of the trial judge's actions. The purpose of the hearing was to inform the appellant of the charge against him and its penalties, advise him of his rights, and set bail. It was not to accept a plea. In fact, the appellant pled not guilty later that same day and waived a formal arraignment. In addition, there is evidence that the trial judge found the appellant did have the capacity to understand his rights and to waive them. The appellant confessed to the police at the time he was arrested. Although that confession was not used against him at the trial, a *Denno* hearing was held to determine whether the statement was made voluntarily. The trial judge found that it was and ruled that the statement was admissible. Since a hearing had been held and the second confession was made in open court after the judge had repeatedly informed the appellant of his rights, the judge had an ample basis from which to determine the voluntariness of the second confession.

On appeal we make an independent determination of voluntariness based on the totality of circumstances surrounding the statement and do not reverse unless the trial court's finding is

clearly against the preponderance of the evidence. *Hayes* v. *State*, 274 Ark. 440, 625 S.W. 2d 498 (1981). "Among the factors to be considered in determining the validity of a confession are the age, education, and intelligence of the accused, the advice or lack of advice of his constitutional rights, the length of detention, the repeated or prolonged nature of the questioning, or the use of mental or physical punishment." *Cessor* v. *State*, 282 Ark. 330, 668 S.W.2d 525 (1984).

■ Here the appellant was 15 and was nine weeks short of completing the ninth grade. He was advised numerous times of his right to counsel and his other constitutional rights and signed a waiver form. There was no prolonged detention, repeated questioning, or use of punishment and, in fact, when the confession was made the appellant was not being questioned at all.

■ The appellant's youth is the only one of the enumerated factors present in this case. We have held that although youth is a factor, it alone is not a sufficient reason to exclude a confession. *Hunes* v. *State*, 274 Ark. 268, 623 S.W.2d 835 (1981). We have also stated that "a minor is capable of making an admissible voluntary confession, there being no requirement that he have the advice of a parent, guardian, or other adult." *Mosley* v. *State*, 246 Ark. 358, 438 S.W.2d 311 (1969). See also: *Leonard* v. *State*, 269 Ark. 146, 599 S.W.2d 138 (1980); and *Jackson* v. *State*, 249 Ark. 653, 460 S.W.2d 319 (1970). Based on our independent review, the statement was voluntary.

■ Since we find the statement was made voluntarily, we have no difficulty ruling that it was admissible. This court has ruled previously that spontaneous admissions of guilt by a criminal defendant are admissible. In *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980), the court allowed a spontaneous statement to be introduced which was made while the appellant was in custody but not during an interrogation. We held:

> It was police misconduct that was intended to be inhibited by *Miranda*, . . . and its progeny and not the making of incriminating statements. Statements which do not result from in-custody interrogation are not barred . . . Spontaneous, voluntary and unsolicited statements made when an accused, although in custody, is not being interrogated are admissible . . . (citations omitted).

We have reiterated this rule several times. See: *Hayes* v. *State*, 274 Ark. 440, 625 S.W.2d 498 (1981); *Smith* v. *State*, 282 Ark. 535, 669 S.W.2d 201 (1984); *Little* v. *State*, 261 Ark. 859, 554 S.W.2d 312 (1977); and *Lacy* v. *State*, 271 Ark. 334, 609 S.W.2d 13 (1980).

In *Anderson* v. *City of El Dorado*, 243 Ark. 137, 418 S.W.2d 801 (1967) we did not allow an open court statement to be admitted. In that case the appellant was arrested and then confessed. At his trial in municipal court the appellant denied he had committed the crime but admitted he had confessed to the police. The circuit court on appeal ruled the statement made in municipal court was admissible. This court held that as a general rule a statement made in open court is a judicial statement and is admissible. However, the statement was inadmissible in the first place because when the appellant confessed to the police he did not have an attorney and the confession occurred during an interrogation. We held that since the confession was barred it could not be subsequently admitted as a judicial admission. This case is distinguishable from *Anderson* because here the statement was never barred as a violation of the appellant's constitutional rights and was not made during an interrogation. It therefore falls within the general rule governing judicial statements.

Also distinguishable is *Walton* v. *State*, 236 Ark. 439, 336 S.W.2d 707 (1963), where the appellant signed a written confession and then at his arraignment, admitted under questioning by the prosecutor that his statement to the police was made voluntarily. This court held the transcript of the arraignment was not admissible at the trial because the appellant did not have an attorney when the statement was made. The in-court statement in *Walton* however occurred during questioning by the prosecutor and was therefore not a spontaneous admission of guilt like the statement made by the appellant in the instant case.

Although the appellant did not have an attorney when he made his spontaneous admission, "[t]he purpose of the constitutional guaranty of a right to Counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights . . .", *Swagger* v. *State*, 227 Ark. 45, 296 S.W.2d 204 (1956), quoting *Johnson* v. *Zerbst*, 304 U.S. 438 (1938). The appellant was not ignorant of his constitutional rights in this case, having been repeatedly advised of them by the

police and the judge.

The appellant's final basis for arguing that his confession was improperly admitted concerns the failure of the trial court to hold a *Denno* hearing on the voluntariness of that statement. Prior to trial, the appellant filed a motion to suppress the confession he made to the arresting officers. A *Denno* hearing was held and the judge found that ample *Miranda* warnings had been given to the appellant and he signed the rights form evidencing the fact that the warnings were given. Immediately before the trial began, the appellant renewed his motion to suppress to include the open court confession.

■ The same judge who heard the in-court statement denied the motion to suppress on the basis that he gave the appellant several warnings as to his rights during the hearing before the statement was made and the appellant indicated he did not want an attorney and then spontaneously admitted guilt. Under these circumstances, the judge was not required to hold a second *Denno* hearing. His findings from the hearing he did hold plus his own experience of witnessing the confession were a sufficient basis for his ruling. The confession was properly admitted.

The appellant next challenges the introduction into evidence of a rape kit and alleges that a proper chain of custody was not established by the state.

The state offered testimony by Dr. James T. Clark, the examining physician who collected the specimens for the rape kit, that he placed all the items in a sack which was stapled and turned over to the sheriff's office in his presence. Deputy Sheriff Robin Hood testified he received the sealed rape kit from a person at the hospital and the sack was labeled "sexual assault kit" "victim Olga Harris" with the date and time of the examination. Sheriff David Hyatt stated he received the kit from the deputies and locked it in the property closet. From there, the rape kit was taken to the state crime lab by another deputy sheriff, Lawrence Allen. Edward Vollman, forensic serologist and hair examiner at the state crime lab, testified the kit was received in the central evidence section of the crime lab by Debby Pitman. Vollman said he got the kit from Ms. Pitman and conducted tests on the items in the bag.

The appellant's challenge to the chain of custody is based on the fact that Deputy Hood could not identify who he got the kit from at the hospital; that Sheriff Hyatt and deputy Allen never saw the contents of the bag and therefore could not be certain what it contained; and that Vollman could not state that he received the rape kit directly from Deputy Allen.

■ We have held that, "[m]inor uncertainties in proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render evidence inadmissible as a matter of law," *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978). In our previous decisions on this issue we have stated that where there is little likelihood that an exhibit has been tampered with it may be admitted. We set out the purpose of the rule requiring a chain of custody in *Gardner* as follows:

> The purpose of the rule requiring a chain of custody is to prevent the introduction of evidence which is not authentic. It is not necessary that the statement eliminate every possibility of tampering, if the trial court is satisfied that in reasonable probability the evidence had not been tampered with. In such matters, the trial judge is accorded some discretion, in the absence of evidence indicating tampering with the evidence, and we will not reverse the trial judge's ruling unless we find an abuse of discretion.

See also: *Wickliffe & Scott* v. *State*, 258 Ark. 544, 527 S.W.2d 640 (1975); *Baughman* v. *State* 265 Ark. 869, 582 S.W.2d 4 (1979); and *Downs* v. *State*, 259 Ark. 287, 532 S.W.2d 427 (1976).

■ The appellant offered no evidence of tampering with the rape kit or of any other prejudicial handling of the evidence. The chain of custody which was established was sufficient to safeguard the authenticity of the kit. It was properly admitted.

The appellant's final assignment of error concerns the jurisdiction of the sentencing court. The appellant was charged in Drew County but the trial was held in Ashley County due to a successful motion for a change of venue. The Ashley County jury found the appellant guilty and sentenced him to 40 years imprisonment. The judge orally pronounced sentence on the appellant in court after the verdict was rendered. The written judgment and commitment however was filed in Drew Circuit

Court. The appellant argues Drew Circuit Court lacked jurisdiction to sentence him based on an Ashley County jury verdict. The appellant did not raise this argument below but he argues that he could not because he did not know the judgment and commitment was being filed in Drew County until he received a filed copy in the mail.

The appellant has failed to show in what manner he was prejudiced by the filing of the judgment and commitment in Drew County. The sentence imposed by the jury and pronounced by the judge was the same as the sentence contained in the filed order. We do not reverse for nonprejudicial error. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 435 (1984).

The judgment and commitment should have been filed in Ashley County where the trial was held. Accordingly we order the trial judge to see to it that the judgment and commitment is filed with the Ashley Circuit Court Clerk.

Affirmed as modified.

GEORGE ROSE SMITH, J., not participating.