

# SUPREME COURT OF ARKANSAS

No. CV-11-1134

| | |
|---|---|
| MICHAEL L. DOUGLAS<br>　　　　　　　　　APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>　　　　　　　　　APPELLEE | Opinion Delivered September 19, 2013<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT, 35CV-11-519, HON. JODI<br>RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

This appeal is from the dismissal by the Jefferson County Circuit County of a pro se petition for writ of habeas corpus filed in 2011 by appellant Michael L. Douglas. A recitation of the procedural history of appellant's multiple convictions is necessary to understand the issues raised on appeal.

In 1984, appellant, who was fifteen, was charged in Drew County with rape. A change in venue was granted in the case, and the trial was held in Ashley County. Appellant was found guilty by the jury and sentenced to forty years' imprisonment. The judgment-and-commitment order was entered in Drew County. On appeal, appellant challenged the sentencing court's jurisdiction, and we held that, while the judgment should have been entered in Ashley County, there was no prejudicial error and affirmed the judgment with the modification that the judgment-and-commitment order be filed in Ashley County where the trial was held. *Douglas v. State*, 286 Ark. 296, 692 S.W.2d 217 (1985).

Appellant also entered in 1984 in Drew County a plea of guilty to three additional felony

offenses for which an aggregate sentence of twenty years' imprisonment was imposed. The sentences were order to be served consecutively to the sentence for rape.

In 2007, appellant entered pleas of guilty to eight more felony offenses. He was sentenced as a habitual offender to an aggregate term of 480 months' imprisonment.

In 2011, appellant, who was incarcerated at a unit of the Arkansas Department of Correction in Jefferson County, filed the pro se petition for writ of habeas corpus in the Jefferson County Circuit Court.[1] The circuit court dismissed the petition, and appellant brings this appeal.

We find no error and affirm the order. A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Darrough v. State*, 2013 Ark. 28 (per curiam); *McArty v. Hobbs*, 2012 Ark. 257 (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Roberson v. State*, 2013 Ark. 75 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" he is illegally detained. *Id.* at 221, 226 S.W.3d at 798–99.

---

[1]As of the date of this opinion, appellant remains incarcerated at the prison facility in Jefferson County.

SLIP OPINION

In this appeal, appellant reiterates the grounds for relief raised in the habeas petition. With respect to the 1984 rape conviction, he alleges that the change of venue from Drew to Ashley county rendered the judgment in that case void. He also alleges that he was never "certified" as an adult in either Drew or Ashley County because proper procedures were not followed to try him as an adult and that he was not afforded effective assistance of counsel.

The issue of whether filing the judgment in Drew County affected the Ashley County court's jurisdiction was addressed on direct appeal. It was decided on direct appeal that no prejudicial error had occurred. The law-of-the-case doctrine dictates that an issue raised and concluded in a prior appellate decision may not be revisited in a subsequent appeal, as the matter becomes res judicata. *Kelly v. Norris*, 2013 Ark. 90 (per curiam) (citing *Mosley v. Norris*, 2010 Ark. 501 (per curiam)). If the merits of the claim were addressed, and the claim was adjudicated, resolution of that issue is settled. *Id.*

Appellant also argues that the conviction for rape is void because the judgment has never been filed in Ashley County as this court's mandate directed when the judgment was affirmed. Any claim related to the filing of the judgment should have been made to the trial court, not in a petition for writ of habeas corpus.

The issue concerning appellant's age and allegations of flaws in the proceeding by which he was tried as an adult was raised by appellant in a prior petition for writ of habeas corpus filed by appellant in 1994. The petition was denied, and on appeal from the order, we held that, even if there had been error at the time of trial in not holding a hearing on a transfer of the case to juvenile court, there was no showing that there was error that deprived the trial court of either

SLIP OPINION

subject-matter or personal jurisdiction of the appellant. *Douglas v. State*, CR-96-385 (Ark. July 8, 1996) (per curiam). As stated, a writ of habeas corpus will not issue absent a showing of invalidity on the face of the judgment-and-commitment order or a lack of jurisdiction in the trial court.

Turning to the 2007 judgments, appellant argues on appeal that he was not afforded due process because the prior felony convictions used to determine that he was a habitual offender were invalid judgments. The assertion does not call into question the facial validity of the judgment-and-commitment orders or the jurisdiction of the trial court and does not form a basis for issuance of the writ. *Mosley v. Hobbs*, 2013 Ark. 142 (per curiam).

Two of the judgments entered in 2007 pertained to appellant's prior conviction for rape, i.e., failure to register as a sex offender and failure to comply with reporting requirements. He contended in the habeas petition that the statutes he was charged with violating should not have been applied to him because his conduct did not fit the criteria for a determination that he had violated the laws. The allegation should have been raised in the trial court before the pleas of guilty were entered in 2007. The assertion of error does not establish that there was any jurisdictional defect in the proceeding with respect to those judgments.

Finally, appellant raised a number of allegations of ineffective assistance of counsel in the habeas petition. The circuit court did not err in holding that such claims are not grounds for habeas relief. This court has consistently held that allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Murphy*, 2013 Ark. 155; *McHaney v. State*, 2012 Ark. 361 (per curiam); *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992).

4



Affirmed.

*Michael L. Douglas*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.