SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-14-14

| | | |
|---|---|---|
| MICHAEL L. DOUGLAS<br><div align="right">APPELLANT</div> | | **Opinion Delivered** November 20, 2014 |
| V. | | PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT<br>[NO. 22CR-84-18] |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | | HONORABLE ROBERT BYNUM GIBSON, JUDGE |
| | | <u>AFFIRMED</u>. |

**PER CURIAM**

In 1984, appellant was charged in Drew County with rape. A change of venue was granted in the case, and the trial was held in Ashley County. The Ashley County jury found appellant guilty and sentenced him to forty years' imprisonment. The judge orally pronounced sentence on appellant in the Ashley County Circuit Court after the verdict was rendered, but the judgement-and-commitment order was mistakenly filed in Drew County. On direct appeal, appellant argued that the Drew County Circuit Court lacked the jurisdiction to sentence him based on an Ashley County jury verdict. This court held that, while the judgment should have been entered in Ashley County, there was no prejudicial error in filing the judgment in Drew County because the sentence imposed by the jury and pronounced by the judge was the same as the sentence contained in the filed order. This court then affirmed the judgment with the modification that the judgment-and-commitment order be filed in Ashley County where the trial

was held. *Douglas v. State*, 286 Ark. 296, 692 S.W.2d 217 (1985).[1]

In 2011, appellant filed a petition for writ of habeas corpus in the county where he was incarcerated, arguing, in part, that the judgment was void based on the change of venue from Drew County to Ashley County. Affirming the denial of the habeas petition, we held that the issue of whether filing the judgment in Drew County affected the Ashley County Circuit Court's jurisdiction had been addressed on direct appeal, that it was decided on direct appeal that no prejudicial error had occurred, and that the law-of-the-case doctrine prevented the issue from being revisited. Addressing appellant's argument that the conviction for rape was void because the judgment had not been filed in Ashley County as this court's mandate directed, we held that any claim related to the filing of the judgment should have been made to the trial court, not in a petition for writ of habeas corpus. *Douglas v. Hobbs*, 2013 Ark. 337 (per curiam).

On November 15, 2013, appellant filed in the Drew County Circuit Court a petition for void judgment. He alleged in the petition that the judgment filed in Drew County was void and that the judgment filed in Ashley County should "take precedence" because the Drew County Circuit Court was not the sentencing court and because there cannot be two judgment-and-commitment orders entered in different counties for the same charge. The trial court denied the petition, and appellant has lodged an appeal from that order.

On appeal, appellant argues that, while he remains incarcerated based on the judgment

---

[1]Appellant also entered in 1984 in the Drew County Circuit Court a plea of guilty to three additional felony offenses for which an aggregate sentence of twenty years' imprisonment was imposed. The sentences were ordered to be served consecutively to the sentence for rape. In 2007, appellant entered pleas of guilty to eight additional felony offenses. He was sentenced as a habitual offender to an aggregate term of 480 months' imprisonment.

filed in Drew County,[2] the Drew County judgment is void because the Drew County Circuit Court was not the sentencing court and because this court's directive that the order be filed in Ashley County was not followed. Appellant argues for the first time on appeal that the judgment entered in Ashley County is void because, at the time that the judgment was entered in Ashley County and "submitted" to the ADC, the Ashley County Circuit Court no longer had jurisdiction to enter the judgment pursuant to Arkansas Code Annotated section 16-90-111.[3] He also argues for the first time on appeal that his conviction is void because the change of venue from Drew County to Ashley County was improper and that proceedings held in the Ashley County Circuit Court are "void" because proceedings began in the Ashley County Circuit Court before the order of removal was entered.

The issue of whether the misfiling of the judgment in Drew County affected the Ashley County Circuit Court's jurisdiction to sentence appellant was addressed on direct appeal, and we held that reversal was not proper because no prejudicial error had occurred. *Douglas*, 286 Ark. 296, 692 S.W.2d 217. Appellant raised the same issue again in a petition for writ of habeas corpus. *Douglas*, 2013 Ark. 337. Considering the denial of the habeas petition, we held that the law-of-the-case doctrine precluded our review of the issue. *Id.* The law-of-the-case doctrine dictates that an issue raised and concluded in a prior appellate decision may not be revisited in

---

[2]It appears from the record that the ADC may not have corrected its records to reflect that appellant was sentenced in Ashley County rather than Drew County.

[3]A copy of the judgment-and-commitment order filed in Ashley County is not part of the record on appeal; however, there are references in the record to the judgment being filed in Ashley County. In any event, appellant seems to base his argument on an untimely filing of the judgment in Ashley County rather than an allegation that the judgment has not been entered there.

a subsequent appeal, as the matter becomes res judicata. *Id.* (citing *Kelly v. Norris*, 2013 Ark. 90 (per curiam)). If the merits of the claim were addressed, and the claim was adjudicated, resolution of that issue is settled. *Id.* Here, we again are precluded from revisiting the issue raised by appellant.

As to the arguments raised for the first time on appeal that the judgment is void based on an improper change of venue and the alleged lack of jurisdiction of the Ashley County Circuit Court to have the judgment correctly filed with the Ashley County Circuit Clerk, issues raised for the first time on appeal are not grounds for reversal. [4] *See Green v. State*, 2013 Ark. 455 (per curiam). .

Affirmed.

*Michael L. Douglas*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.

---

[4]To the extent that appellant is attempting to present an issue of an illegal sentence that can be raised at any time, he fails to state such a claim. The filing of the judgment in Ashley County to correct the misfiling in Drew County at the direction of this court does not equate to a trial court's exercise of its jurisdiction to correct or modify a sentence pursuant to section 16-90-111.

SLIP OPINION