# SUPREME COURT OF ARKANSAS

**No.** CR-16-574

JOHN RICHARD LUKACH

PETITIONER

V.

STATE OF ARKANSAS

RESPONDENT

**Opinion Delivered:** April 13, 2017

PRO SE MOTIONS FOR WRIT OF CERTIORARI; TO DUPLICATE BRIEF AT STATE EXPENSE; FOR AN EXPANSION OF THE PAGE LIMIT; FOR APPOINTMENT OF COUNSEL; TO COMPEL ARKANSAS DEPARTMENT OF CORRECTION; AND IN SUPPORT OF AFFIDAVIT; AND OBJECTIONS TO REFUSAL TO RESPOND
[HOT SPRING COUNTY CIRCUIT COURT, 30CR-91-115; 30CR-91-123; 30CR-91-124; 30CR-91-126]

HONORABLE CHRIS E WILLIAMS, JUDGE

APPEAL DISMISSED AS TO 30CR-91-115 & 30CR-91-126; MOTION FOR WRIT OF CERTIORARI TREATED AS MOTION TO SUPPLEMENT THE RECORD AND FOR EXTENSION OF TIME AND DENIED IN PART, MOOT IN PART, AND GRANTED IN PART; REMANDED FOR SUPPLEMENTAL RECORD; OBJECTIONS AND MOTION IN SUPPORT OF AFFIDAVIT MOOT; MOTIONS TO DUPLICATE BRIEF, FOR AN EXPANSION OF THE PAGE LIMIT, FOR APPOINTMENT OF COUNSEL, AND TO COMPEL DENIED.

**PER CURIAM**

In 2015, petitioner John Richard Lukach filed in the Hot Spring County Circuit Court a petition for relief under Arkansas Code Annotated section 16-90-111 (Supp. 2015) that challenged his convictions in four cases. Lukach was charged with three counts of rape and one count of burglary, and the charges were severed for trial. This court affirmed his convictions on two counts of rape, for which he received two concurrent terms of life imprisonment in 30CR-91-123 and 30CR-91-124. *Lukach v. State*, 310 Ark. 119, 835 S.W.2d 852 (1992). In the second trial, Lukach was convicted of rape and burglary and sentenced to life plus twenty years' imprisonment in 30CR-91-115 and 30CR-91-126. This court also affirmed that judgment. *Lukach v. State*, 310 Ark. 38, 834 S.W.2d 642 (1992).

After a hearing on the section 16-90-111 petition, the trial court denied the petition, and it later denied a motion for reconsideration. Lukach tendered the appeal record late to this court, but we granted a motion for rule on clerk to permit the appeal to proceed, which included a request for a writ of certiorari, and treated Lukach's request for writ of certiorari as a motion for access to the record. Lukach has now filed a motion for writ of certiorari in which he contends that the record on appeal as provided to him is incomplete and that certain portions are missing. In his motion, Lukach seeks to have this court supplement the record by compelling the circuit clerk to bring up omitted portions of the record, and he asks that he be given an extension of time in which to file his brief.

Subsequently, Lukach filed five additional motions in which he seeks to have (1) his brief duplicated at State expense, (2) an expansion of the page limit, (3) appointment of counsel, (4) this court compel the Arkansas Department of Correction (ADC) to duplicate

his brief and otherwise assist him in preparation of his brief, and (5) an affidavit that was attached to the filed motion to duplicate be considered in support of the brief that he tendered with the motion to duplicate. He also filed two objections to the State's failure to file a response to the motion for writ of certiorari. We treat the motion for writ of certiorari as a motion to supplement the record and for extension of brief time, and deny the motion in part, hold it moot in part, and grant it in part. We therefore remand for a supplemental record in two of the four cases. We dismiss the appeal as to the other two cases, 30CR-91-115 and 30CR-91-126. As no response from the State was necessary in order to resolve the motion for the writ, Lukach's objection is moot. The motions to duplicate, for an expansion of the page limit, appointment of counsel, and to compel are denied. Because Lukach is required to submit a new brief addressing limited issues in only two cases, the tendered brief is not to be filed, and the motion in support is therefore moot.

Lukach lists nine documents that he believes to be incomplete or missing from the record on appeal. Three of those documents were filed in the trial court concerning Lukach's perfection of the appeal, and, because Lukach's motion for rule on clerk was granted, the issues Lukach might raise concerning those documents are moot. Those documents have no bearing on the issues on appeal, and, as to those documents, we deny Lukach's request to supplement the record.

Lukach also contends that the section 16-90-111 petition that he filed contained additional pages that have been omitted. He asserts that he filed other pleadings in support of the petition or in response to the State's response and a motion for reconsideration that was denied by the second order appealed, and these documents are not included in the

record. The documents were apparently considered by the trial court, have some bearing on the issues that Lukach would present on appeal, and are necessary for our review.

Lukach maintains that his petition was sixty-eight pages rather than seven, and that he also filed a thirty-eight-page supporting affidavit, a nineteen-page amended objection, a twenty-two-page amended argument, a thirteen-page objection to the State's response, and a forty-six-page motion for reconsideration. Provided that these documents, as Lukach indicates, were filed and included in the circuit court's record below for 30CR-91-123 and 30CR-91-124, the circuit clerk is directed to provide a supplemental record that includes the documents within fourteen days of the date of this opinion.

We do not direct the clerk to provide additional documents from 30CR-91-115 or 30CR-91-126 because it is clear from the record before us that even with the supplementation that Lukach requests, none of the claims in his petition as to those two cases has merit. As noted, the trial court conducted a hearing on the petition. Lukach had made a large number of vague allegations that his sentences should be reduced, that his trial had reversible errors, and that the sentences were illegal. In other pleadings, it appears that Lukach had clarified those arguments somewhat, but during the hearing on the petition, the trial court specifically asked for further clarification of the issues. Because those clarifications are included in the record of the hearing before us, we can determine on the current record that it is clear that the majority of Lukach's arguments were without merit and that he cannot prevail in two of the four cases under consideration. Even if the additional documents that Lukach requests were available in the record, the arguments would be without merit.

4

An appeal from an order that denied a petition for postconviction relief, including a petition under section 16-90-111, will not be permitted to go forward where it is clear that there is no merit to the appeal. *Thompson v. State*, 2016 Ark. 380 (per curiam). The appeal concerning 30CR-91-115 and 30CR-91-126 is dismissed. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524 ("When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief were permitted to go forward, we dismiss the appeal."). Because, as explained below, there is only one viable issue from the section 16-90-111 petition, we limit the argument on appeal to that issue, and it is not necessary to bring up additional documents from the record in 30CR-91-115 or 30CR-91-126.

Lukach challenged all four of his convictions in his petition to correct an illegal sentence. Taking into consideration the issues discussed at the hearing as well as those in the abbreviated petition in the record, Lukach challenged his convictions resulting from the second trial, those in 30CR-91-115 and 30CR-91-126, on the bases that the verdict forms were not contained in the record on appeal, that he was not present for the sentencing hearing, that the matter was not properly transferred and therefore venue was not proper, that he should have been but was not sentenced for first-degree rape, and that he was sentenced in two different counties in violation of the prohibition against double jeopardy. Lukach included in his claims concerning 30CR-91-123 and 30CR-91-124 some similar allegations about his failure to have appropriate hearings on certain matters or that appropriate motions or documents had not been filed. He also, however, alleged in support of his claim that the sentences were illegal, that the judge who had signed the judgment-

and-commitment order did so under an exchange agreement that was not authorized by statute and had not presided over his trial, and that the judge who had presided over his trial was not authorized to amend the judgment to include a commitment order once the sentence had been placed into execution. This last claim in the petition is one that we cannot, from our review based on the record now before us, determine was not clearly without merit.

The time limitations on filing a petition under section 16-90-111 on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c), although a challenge to a sentence on the ground that the sentence is facially invalid may be brought under the statute at any time. *Green*, 2016 Ark. 386, 502 S.W.3d 524. Lukach conceded that the time had expired for a challenge under Rule 37, and therefore any challenge in his petition claiming that the sentence was imposed in an illegal manner was not timely. He was therefore limited to bringing claims of a facially invalid sentence, that is, an illegal sentence rather than one that was imposed in an illegal manner. Only one issue raised in the hearing was this type of claim.

Concerning the issues that Lukach raised about venue, his sentencing in two counties, and the verdict forms for his convictions, the specific claims raising those issues are settled as law of the case. *Lukach v. Norris*, CV-05-1344 (Ark. Mar. 23, 2006) (unpublished per curiam) (holding in habeas proceeding review that these claims, while so framed, were not issues of illegal sentences challenging the subject-matter jurisdiction of the trial court); *see also Douglas v. State*, 2014 Ark. 488 (per curiam) (holding that review of an issue of the misfiling of the judgment in the wrong county was precluded by law-of-the-case doctrine).

We have previously determined that these claims were not sufficient to raise a claim of an illegal sentence.

Allegations of mere trial error like those that Lukach asserted, even those that are assertions of constitutional error, are not within the purview of section 16-90-111. *Thompson*, 2016 Ark. 380. All of Lukach's allegations in the four cases that concern the sentences being imposed without the due process of appropriate hearings or proper forms being filed fail to implicate the facial validity of the judgments.

Lukach's claim that he should have been charged with, or convicted of, first-degree rape, even if that claim were further developed as Lukach contends that it was, is also without merit. The informations charging Lukach appear in the record on direct appeal, and Lukach was both charged with and convicted of rape. Although the verdict forms in 30CR-91-115 and 30CR-91-126 may now be missing from the record retained in this court from the direct appeal, the forms were read in open court, and the record includes the transcript.

Lukach's contention that he had to be convicted of first-degree rape in order to be sentenced to a life term is without support. As the trial court correctly noted at the hearing, there was no crime in Arkansas called first-degree rape with which Lukach could have been charged, and he identified no such statute. Lukach appeared to believe, incorrectly, that the sentencing range for rape—the charge that was listed in the informations and the verdicts of conviction at trial—did not include a life sentence. Under the applicable statute in effect at the time that the crimes were committed, Arkansas Code Annotated section 5-14-103 (1987), rape was a Class Y felony, and Arkansas Code Annotated section 5-4-401 (Repl.

2013) provided that a Class Y felony may receive a sentence of not less than ten years and not more than forty years or life. A life sentence was therefore within the applicable sentencing range for the crime of rape.

Lukach's final argument in his section 16-90-111 petition as discussed at the hearing was that the two commitment orders in 30CR-91-123 and 30CR-91-124 were void. Unlike Lukach's other claims, we have not determined on the record before us that this argument is one that is clearly without merit, and it is therefore sufficient to require briefing. When the supplemental record is received, our clerk is directed to set a new briefing schedule. Lukach's request for an extension of time is therefore moot. He is directed to limit his arguments in his brief to the single issue from the petition that we have not dismissed, that is, his claim that the two commitment orders in 30CR-91-123 and 30CR-91-124 were void, and to those issues he may wish to raise concerning any allegation of error in the trial court's application of the three-strike rule in Arkansas Code Annotated section 16-68-607 (Repl. 2005) that were raised in a motion for reconsideration. All other claims raised in the petition, as indicated above, are clearly without merit, and argument on those claims will not be further addressed on appeal.

Because the arguments are now so limited, we deny Lukach's motion for an expansion of the page limit for the argument portion of his brief. We also decline Lukach's request for the duplication of his brief at State expense. Lukach's sole basis for the request is that he is an indigent inmate and unable to pay the costs. Postconviction proceedings such as this are treated as civil in nature. *State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007). Because Lukach fails to address the merits of his appeal in the motion, he has failed

to make a substantial showing that he is entitled to relief. *Maxie v. Gaines*, 317 Ark. 229, 876 S.W.2d 572 (1994).

Likewise, because postconviction matters are civil in nature, there is no absolute right to counsel. *Biggs v. State*, 2014 Ark. 114 (per curiam). Although an appellant has no absolute right to appointment of counsel in postconviction proceedings, this court has held that, when the appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, it will appoint counsel. *Evans v. State*, 2014 Ark. 6. Where an appellant offers nothing to demonstrate that there is substantial merit to the appeal, he has not met his burden of establishing that he is entitled to appointment of counsel. *Rogers v. State*, 2010 Ark. 46 (per curiam). In his motion for appointment of counsel, Lukach only contends that the conditions of his incarceration present difficulties in complying with the rules of procedure. Yet this court has taken judicial notice that appeals from postconviction orders are frequently lodged in this court by incarcerated persons and that, while facing hurdles occasioned by their incarceration, those incarcerated appellants comply with the rules of procedure. *Day v. Hobbs*, 2014 Ark. 189 (per curiam). Lukach therefore states no basis for this court to appoint counsel, nor has he made any showing that a hearing, which he also requests in the motion, is necessary.

Lukach's motion in which he seeks to compel the ADC to provide him with bound copies of his brief also fails to demonstrate that he is entitled to duplication at State expense. The relief sought is essentially the same as his request for the State to duplicate his brief, and Lukach again indicates that the conditions of his incarceration interfere with his ability to comply with this court's rules concerning the submission of briefs. Once again we note that

other inmates have complied with these rules and that Lukach has failed to demonstrate that his circumstances are such that he cannot likewise comply.

Appeal dismissed as to 30CR–91–115 & 30CR–91–126; motion for writ of certiorari treated as motion to supplement the record and for extension of time and denied in part, moot in part, and granted in part; remanded for supplemental record; objections and motion in support of affidavit moot; motions to duplicate brief, for an expansion of the page limit, for appointment of counsel, and to compel denied.