Cite as 2023 Ark. 120

# SUPREME COURT OF ARKANSAS

**No.** CR–22–561

|  |  |
|---|---|
| HENRY ALEXANDER HARMON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** September 21, 2023<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-12-515]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br><u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Arkansas law provides circuit courts the authority to correct an illegal sentence. A petitioner who files for relief under the statute must allege the sentence is illegal on its face or, at the time of sentencing, the sentencing court lacked subject-matter jurisdiction. Because Henry Harmon's petition failed to establish either element, we affirm the circuit court's denial of his petition.

Following his initial jury trial, this court reversed Harmon's convictions of first-degree murder, two counts of aggravated robbery, and aggravated assault with the remaining charges nolle prossed. *Harmon v. State*, 2014 Ark. 391, 441 S.W.3d 891. His use of a firearm in the commission of the crimes and his status as a habitual offender enhanced his sentence. *Id.* In 2017, Harmon pleaded guilty to manslaughter and robbery. Harmon stipulated that he was a habitual offender. In accordance with his plea, Harmon was sentenced to 60

months' imprisonment for manslaughter and 480 months' imprisonment for robbery, with his sentences to run consecutively. Harmon was credited 1,888 days for time served.

Harmon petitioned for relief from an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). Harmon alleged that his sentence was illegal because (1) his sentences were facially illegal, (2) his sentences were enhanced from the presumptive sentence without stipulation or jury waiver, (3) he was not advised that he could be sentenced by a jury or challenge the sentencing departures, (4) the circuit court failed to make a record of the reasons for the departure, (5) the sentence violated United States Supreme Court precedent, and (6) the circuit court electronic signature on the sentencing order was insufficient.

The circuit court denied Harmon's petition. It found that his sentence was not facially illegal—because it fell below the statutory maximum—and that the remaining allegations were claims that the sentence was illegally imposed and were either untimely or without factual support. Harmon appeals.

The circuit court's decision to deny relief under section 16-90-111 will be overturned only if that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) gives a circuit court power to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a

2

question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* Generally, a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. And a circuit court has subject-matter jurisdiction over cases involving violations of criminal statutes; allegations of trial error do not implicate the jurisdiction of the circuit court or, consequently, the facial validity of the judgment. *Id.*

Harmon is not entitled to relief under section 16-90-111 because he failed to establish that the judgment was illegal on its face. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. A claim that a sentence exceeded the presumptive sentence is a claim that goes behind the face of the judgment and does not implicate the facial validity of it. *Id.* As such, it is a claim that the sentence was imposed in an illegal manner; Harmon's claim was therefore governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2020). *Id.*

Harmon negotiated a plea to manslaughter and robbery. He agreed to a habitual-offender enhancement, which resulted in a sentence of five years' imprisonment for manslaughter and forty years' imprisonment for robbery. Manslaughter is a Class C felony. Ark. Code Ann. § 5-10-104(c) (Supp. 2007). The maximum sentence for a Class C felony when a defendant has committed four or more prior felonies is thirty years. Ark. Code Ann. § 5-4-501(b)(2)(D) (Supp. 2011). Robbery is a Class B felony. Ark. Code Ann. § 5-12-102(b) (Repl. 2006). The maximum sentence for a Class B felony when a defendant has committed four or more felonies is forty years. Ark. Code Ann. § 5-4-501(b)(2)(C). It is not contested that he has more than four felonies. Thus, Harmon's sentence of five years'

3

imprisonment for manslaughter and forty years' imprisonment for robbery fell within the maximum prescribed sentence and was legal on its face.

We also reject Harmon's claim that the sentence was an illegal departure from the presumptive sentence due to the circuit court's failure to set forth the reasons for the departure as mandated by Arkansas Code Annotated section 16-90-804 (Repl. 1999). According to the plea agreement, Harmon voluntarily agreed to the sentence before entering his guilty plea, and under those circumstances, section 16-90-804 does not apply. *See Owens v. Payne*, 2020 Ark. 413, at 4, 612 S.W.3d 169, 172 (rejecting a sentence was illegal because it failed to state the reasons for a departure from the presumptive sentence); *see also Waller v. State*, 2020 Ark. 381, at 7.

Further, Harmon's contention that he did not waive his right to be sentenced by a jury, or that he did not know he had a right to be sentenced by a jury, fails because the plea agreement shows Harmon had initialed and expressly waived his right to a jury trial. Harmon's final contention that the circuit court did not sign the sentencing order fails because the order was signed electronically. The circuit court was not clearly erroneous for denying Harmon's petition on all grounds.

Affirmed.

*Henry Alexander Harmon*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.