Cite as 2024 Ark. 13

# SUPREME COURT OF ARKANSAS
No. CV–23–439

| | |
|---|---|
| DARREN WOODRUFF<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered: February 8, 2024<br><br>PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT<br>[NO. 09CV-23-38]<br><br>HONORABLE QUINCEY ROSS, JUDGE<br><br><u>AFFIRMED</u>. |

**JOHN DAN KEMP, Chief Justice**

Appellant Darren Woodruff appeals from the denial of his pro se petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016).[1] For reversal, Woodruff argues that the circuit court erred in rejecting his claims that his judgment of conviction for capital murder was illegal because he was not convicted of an underlying felony and because his sentencing order lacked the subsection of capital murder of which he was convicted. We affirm.

## I. *Background*

On April 22, 1992, Woodruff was convicted of capital murder and sentenced to life imprisonment without parole. This court affirmed the judgment and sentence. *Woodruff v. State*, 313 Ark. 585, 586, 856 S.W.2d 299, 300 (1993). On March 30, 2023, Woodruff filed

---

[1]While the petition was placed on the civil docket in the circuit court in an apparent clerical error, petitions under the statute are properly placed on a circuit court's criminal docket. The incorrect docket number does not affect the validity of the court's decision on the petition or this court's authority to rule on the appeal.

his pro se petition to correct an illegal sentence claiming he wasn't convicted of an underlying felony and the sentencing order lacked the subsection of capital murder of which he was convicted. The circuit court denied the petition, concluding that "the sentence is not illegal on its face. The range of punishment available for Capital Murder has not been exceeded." It further found that "any other arguments cannot be dealt with under this statute due to the time limitations expressed under [it]." This appeal followed.

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16–90–111 will not be overturned unless that decision is clearly erroneous. *Harmon v. State*, 2023 Ark. 120, at 2, 673 S.W.3d 797, 799. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*, 673 S.W.3d at 799.

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16–90–111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, at 4, 566 S.W.3d 469, 471. An illegal sentence is one that is illegal on its face. *Id.*, 566 S.W.3d at 471. A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.*, 566 S.W.3d at 471. Sentencing is entirely a matter of statute in Arkansas. *Id.*, 566 S.W.3d at 471. The petitioner seeking relief under section 16–90–111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.*, 566 S.W.3d at 471. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, at

2

6, 594 S.W.3d 54, 59. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*, 594 S.W.3d at 59.

IV. *Claim of an Illegal Sentence*

With respect to Woodruff's argument that his sentence is illegal because he was not convicted of an underlying felony to capital murder, the statute in effect when he committed the offense in June 1991 did not require an underlying felony. Arkansas Code Annotated section 5-10-101(a)(4) (Supp. 1989) provides that a person could commit capital murder if, with premeditated and deliberated purpose of causing the death of another person, he caused the death of another person. Woodruff concedes that he was convicted of this offense and that it is reflected in the copy of the felony information that he appended to his petition. The face of the judgment reveals that the murder for which Woodruff was convicted was committed on June 22, 1991. When Woodruff committed the crime, a defendant could not be convicted for both capital murder and its underlying felony.[2] *See McArthur v. State*, 2019 Ark. 220, at 5, 577 S.W.3d 385, 388. Here, the face of the judgment and commitment order reflects that Woodruff was convicted and sentenced to life imprisonment without parole for capital murder in keeping with the law that was in effect when the crime was committed. The sentence of life without parole for capital murder is not an illegal sentence

---

[2]Act 657 of 1995 amended the relevant statute to allow for separate convictions for both capital murder and an underlying felony.

in that the sentence imposed on Woodruff was within the bounds of the statute. *See* Ark. Code Ann. § 5-10-101(c) (1987).

## V. *Timeliness of Petition*

Although section 16-90-111 allows a circuit court to correct a sentence that is illegal on its face at any time, a claim for relief that is based on the assertion that the sentence was imposed in an illegal manner must be brought within the time limits set out in Arkansas Rule of Criminal Procedure 37.2(c). *Harmon*, 2023 Ark. 120, at 3, 673 S.W.3d at 800. Woodruff's claims that he was not convicted of an underlying felony and that the sentencing order did not set out the subsection of capital murder do not implicate the facial validity of the judgment. *Id.*, 673 S.W.3d at 800. As such, these are assertions that the sentence was imposed in an illegal manner and, accordingly, are governed by the time limitations in Rule 37.2(c).

Effective January 1, 1991, Rule 37 of the Arkansas Rules of Criminal Procedure provides, in pertinent part, that if an appeal was taken of the judgment of conviction, a petition claiming postconviction relief must be filed in the trial court within sixty days of the date the mandate was issued by the appellate court. *See* Ark. R. Crim. P. 37.2(c). Woodruff filed his petition approximately thirty years after the judgment in his case was affirmed. A petition filed pursuant to section 16-90-111 is not a substitute for a timely filed petition under Rule 37. *Hall v. State*, 2022 Ark. 16, at 4, 638 S.W.3d 270, 274.

Affirmed.

WOMACK, J., dissents.

4

**SHAWN A. WOMACK, Justice, dissenting.** For the reasons outlined in my dissenting opinion in *Perry v. Payne*, I respectfully dissent. 2022 Ark. 112, at 5.

*Darren Woodruff*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.