Cite as 2024 Ark. 79

# SUPREME COURT OF ARKANSAS

**No.** CR–23–747

| | | |
|---|---|---|
| HUEY C. WHITE | APPELLANT | **Opinion Delivered:** May 9, 2024<br><br>PRO SE APPEAL FROM THE LAFAYETTE COUNTY CIRCUIT COURT; MOTION TO FILE BELATED REPLY BRIEF<br>[NO. 37CR-87-45] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE L. WREN AUTREY, JUDGE |
| | | AFFIRMED; MOTION MOOT. |

**RHONDA K. WOOD, Associate Justice**

Huey C. White appeals from the circuit court's denial of his pro se petition to correct an illegal sentence. In 1988, a jury convicted White of capital murder for the death of Delores Cockerham, who was beaten during a robbery and died as a result. White alleged that his sentence is illegal because he was convicted of capital murder but was not separately convicted of the underlying felony of aggravated robbery. The circuit court denied and dismissed his petition. We affirm because, at the time of White's crime and conviction, Arkansas law merged the underlying felony with the capital-murder conviction.

In 1987, Huey White and James Lee Thomas robbed a grocery store in Stamps, Arkansas. During the robbery, both men attacked the clerks. One survived, but Delores Cockerham died from a severe brain injury. *See White v. State*, 298 Ark. 55, 764 S.W.2d 613 (1989). Despite the facts showing that White had attacked the surviving clerk, he was

convicted of capital murder as the accomplice to Cockerham's murder and sentenced to life imprisonment without parole. *Id*. We affirmed. *Id*.

Now White has filed a petition under Arkansas Code Annotated section 16-90-111(a) (Repl. 2016) claiming his sentence is illegal. The circuit court denied his petition. This court will reverse a circuit court's decision to deny relief under section 16-90-111 if that decision was clearly erroneous. *See Harmon v. State*, 2023 Ark. 120, 673 S.W.3d 797. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, has a definite and firm conviction that there has been a mistake. *Id*. A circuit court has authority to correct an illegal sentence at any time. *See* section 16-90-111(a); *see also Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. A sentence is illegal on its face when it is beyond the circuit court's authority to impose it. *Id*. Sentencing is entirely a matter of statute in Arkansas. *Id*. The petitioner shoulders the burden of demonstrating that his or her sentence was illegal. *Id*.

Presently, White argues that his capital-murder sentence is illegal because he was not convicted of the underlying felony of aggravated robbery. He contends that his judgment and conviction order has only the conviction for capital murder and does not contain an underlying felony conviction. But White committed these crimes in June 1987. At that time, Arkansas law prohibited a defendant from the simultaneous conviction of capital murder and its underlying felony. Ark. Stat. Ann. § 41-105(1) (Repl. 1977), recodified at Ark. Code Ann. § 5-1-110(a) (1987) (prohibiting entry of a judgment on capital felony murder and the underlying specified felony); *see also Richie v. State*, 298 Ark. 358, 361, 767 S.W.2d 522, 524 (1989). The law deemed the underlying felony "merged" with the capital-

2

murder conviction. *Id.* Thus, the face of White's judgment and conviction order is not illegal and follows the statutory law in effect at that time.

White failed to show that his sentence of life imprisonment for capital murder is facially illegal, and no other evidence showed that the court lacked jurisdiction to conduct his trial and convict him. As we find the circuit court was not clearly erroneous when it denied and dismissed White's petition to correct an illegal sentence, we affirm. His motion to file a belated reply brief is moot.

Affirmed; motion moot.

WEBB, J., concurs.

*Huey C. White*, pro se appellant.

*Tim Griffin*, Att'y Gen.; by: *Michael Zangari*, Ass't Att'y Gen., for appellee.