Cite as 2024 Ark. App. 578

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-812

| | | |
|---|---|---|
| JULIUS RAY WILLIAMS | | Opinion Delivered November 20, 2024 |
| | APPELLANT | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT |
| V. | | [NO. 29CR-22-64] |
| STATE OF ARKANSAS | | HONORABLE JOE C. SHORT, JUDGE |
| | APPELLEE | |
| | | REMANDED TO SETTLE THE RECORD |

## STEPHANIE POTTER BARRETT, Judge

Appellant Julius Ray Wiliams was originally charged in the Hempstead County Circuit Court with the offense of residential burglary, a Class B felony, with an allegation in the information that he should receive an extended term of imprisonment as a violent offender with two or more previous convictions of felonies involving violence.  In a hearing on February 21, 2023, Williams entered a negotiated plea of guilty to the residential-burglary charge.  On March 8, the State filed an amended information, removing the violent-offender enhancement and replacing it with the allegation that Williams should receive an extended term of imprisonment as a habitual offender having four or more felony convictions.  Later that day, a sentencing order was entered sentencing Williams as a habitual offender with

four or more felony convictions to fifteen years in the Arkansas Division of Correction (ADC), with an additional five-year suspended imposition of sentence.

On October 6, Williams filed a petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). In it, he alleged the State erred when it failed to explain to him that he would have to serve the entire fifteen-year sentence, that he had agreed to one-half, or seven and a half years; that his Fifth Amendment due-process rights were violated; and that his Fourteenth Amendment rights had been violated.

In its order denying and dismissing Williams's petition to correct an illegal sentence filed on October 12, the circuit court found that Williams had entered a plea of guilty to one count of residential burglary set forth in the information, which had been amended to remove the violent-offender-status allegation and replaced with a large-habitual-offender-status allegation; that the range of punishment for large-habitual status for a Class B felony is not less than five years nor more than forty years in the ADC; that Williams had been sentenced to twenty years in the ADC with five years suspended; and that the sentence imposed was not beyond the court's authority to impose and was therefore not an illegal sentence. The circuit court, however, did not address the allegation that the sentence was illegally imposed, whether Williams had been informed of the future amendment to the charges, or whether the amended enhancement was part of the plea agreement.

On December 14, Williams filed a pro se motion for belated appeal with this court, which was granted on February 2, 2024. On appeal, Williams argues that the circuit court erred in denying his petition, claiming that (1) his sentence is illegal because his counsel was

ineffective for failing to correctly advise him as to parole eligibility; (2) his due-process rights under the Fifth and Fourteenth Amendments were violated when he was designated a habitual offender without a hearing; (3) the ADC miscalculated his parole eligibility; and (4) there was insufficient evidence of his guilt.

Although the record contains a plea and waiver form, it does not include the plea agreement, including charges, enhancements, or sentencing. There are no docket sheets filed of record noting whether there was an oral amendment to the charges prior to the plea being entered. For this court to verify that Williams's due-process rights were not violated and that he was informed of the charges, including enhancements, prior to his plea, we must review the transcript of the plea hearing that took place on February 21, 2023. Therefore, we remand this case to settle the record to include the transcript of the plea hearing within thirty days from the date of this opinion.

Remanded to settle the record.

VIRDEN and KLAPPENBACH, JJ., agree.

*Julius Ray Williams*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.