Cite as 2025 Ark. App. 121

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-812

| | |
|---|---|
| JULIUS RAY WILLIAMS, | Opinion Delivered February 26, 2025 |
| APPELLANT | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT |
| V. | [NO. 29CR-22-64] |
| STATE OF ARKANSAS | HONORABLE JOE C. SHORT, |
| APPELLEE | JUDGE |
| | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant, Julius Ray Williams, appeals the Hempstead County Circuit Court's order denying and dismissing his petition to correct an illegal sentence. On appeal, he argues that the circuit court erred in denying his petition, claiming that (1) the sentence is illegal because his counsel was ineffective for failing to correctly advise him as to parole eligibility; (2) his Due Process rights under the Fifth and Fourteenth Amendments were violated when he was designated a habitual offender without a hearing; (3) the Arkansas Division of Correction (ADC) miscalculated his parole eligibility; and (4) there was insufficient evidence of his guilt. We affirm.

This is the second time Williams's appeal has been before this court. In *Williams v. State*, 2024 Ark. App. 578, we remanded the case to settle the record because it did not contain the transcript of the February 21, 2023 plea hearing, which we needed to address

Williams's arguments on appeal. The record has now been supplemented with a transcript of that hearing.

Williams was originally charged with residential burglary, a Class B felony. The information alleged that he should receive an extended term of imprisonment as a violent offender with two or more previous convictions of felonies involving violence. In a hearing on February 21, 2023, Williams entered a negotiated plea of guilty to the residential-burglary charge. On March 8, the State filed an amended information removing the violent-offender enhancement and replacing it with the allegation that Williams should receive an extended term of imprisonment as a habitual offender having four or more felony convictions. Later that day, a sentencing order was entered sentencing Williams as a habitual offender with four or more felony convictions to fifteen years in the ADC with an additional five-year suspended imposition of sentence.

On October 6, Williams filed a petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). This statute provides that a circuit court may correct an illegal sentence at any time when a petition for relief has been filed by the aggrieved party. In his petition, Williams alleged the State erred when it failed to explain to him that he would have to serve the entire fifteen-year sentence because, pursuant to his guilty plea, he had agreed to serve one-half of his sentence, or seven and a half years; that his Fifth Amendment Due Process rights were violated; and that his Fourteenth Amendment rights had been violated. Also on October 6, Williams filed a motion to correct a clerical mistake in his judgment and commitment order. He admitted

that he had been sentenced to a term of fifteen years' imprisonment, but instead of reflecting the seven-and-a-half-year sentence he had agreed to, the judgment and commitment order erroneously reflected fifteen years' imprisonment.

In its October 12 order denying and dismissing Williams's petition to correct an illegal sentence, the circuit court found that Williams had entered a plea of guilty to one count of residential burglary set forth in the information, which had been amended to remove the violent-offender-status allegation and replaced with a large-habitual-offender-status allegation; that the range of punishment for large-habitual status for a Class B felony was not less than five years nor more than forty years in the ADC; that Williams had been sentenced to twenty years in the ADC with five years suspended; and that the sentence imposed was not beyond the court's authority to impose and was therefore not an illegal sentence. The circuit court further found that Williams's allegation that he had been given incorrect advice about parole eligibility by his appointed counsel was a claim of ineffective assistance of counsel pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure; that Williams's sentencing order had been filed on March 8; that because Williams had not filed a direct appeal, any petition filed pursuant to Rule 37 for ineffective assistance of counsel had to be filed within ninety days of the date of entry of judgment; and that Williams's petition had not been filed within ninety days after entry of the judgment.

On December 14, Williams filed a pro se motion for belated appeal. This court granted that motion on February 2, 2024.

Sentencing is entirely a matter of statute in Arkansas. *White v. State*, 2024 Ark. 79. A circuit court has authority to correct an illegal sentence at any time; a sentence is illegal on its face when it is beyond the circuit court's authority to impose. *Id.* The petitioner bears the burden of demonstrating that his or her sentence was illegal on its face. *Id.* A circuit court's decision to deny relief under section 16-90-111 will be reversed only if it is clearly erroneous. *Id.*

Williams argues that his sentence is illegal on its face. It is not. Pursuant to Arkansas Code Annotated section 5-4-401(b)(2)(C) (Repl. 2013), a person who has previously been convicted of four or more felonies may be sentenced to an extended term of imprisonment for a Class B felony of not less than five years nor more that forty years. Williams was sentenced to twenty years' imprisonment, with five years suspended, which clearly falls within the parameters of the sentencing guidelines for a large habitual offender convicted of a Class B felony.

To the extent Williams argues that his counsel was ineffective for failing to properly explain parole eligibility to him, the circuit court properly found that such a claim would need to be raised in a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37; claims of ineffective assistance of counsel are not cognizable in proceedings to correct an illegal sentence. *Jefferson v. State*, 2024 Ark. 64. Although a petition for postconviction relief attacking a judgment, regardless of the label placed on it by the petitioner, can be considered pursuant to Rule 37.1, Williams's petition was not timely filed. Rule 37.2(c)(i) provides that if the petitioner pled guilty, which Williams did, "a

4

petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of entry of judgment." Here, judgment was entered against Williams on March 8, 2023, but he did not file his petition until October 6, more than ninety days after entry of judgment; therefore, Williams's petition was not timely filed. The time limitations imposed in Rule 37.2(c) are mandatory, and the circuit court may not grant relief on an untimely petition. *Latham v. State*, 2018 Ark. 44.[1]

Williams next asserts that his Due Process rights under the Fifth and Fourteenth Amendments were violated because no hearing was held to give him an opportunity to be heard regarding his habitual-offender status. A review of the February 21, 2023 guilty-plea hearing reveals that this assertion is incorrect. At that hearing, the prosecutor orally amended the criminal information from "violent felon," which required a minimum sentence of thirty years, to a large habitual offender with four or more prior felonies, which was punishable by five to forty years. The court, in turn, addressed Williams, stating:

> Mr. Willaims, you've now been charged by the Prosecuting Attorney's Office with residential burglary. It is alleged that that is a Class B felony, but that the sentence can be enhanced as you are a Large Habitual Offender in the you have four (4) of more previous felony convictions to where you could be sentenced to a term of not less than five (5) years, nor more than forty (40) years, in the Arkansas Department of Correction and a fine not exceeding Fifteen Thousand ($15,000.00) Dollars or both such fine and imprisonment. Do you understand the nature of the amended charge and the possible punishment?

---

[1]To the extent any of Williams's arguments can be construed that his sentence was imposed in an illegal manner, as opposed to a facially illegal sentence, those arguments are also untimely, as they are governed by the time constraints of Rule 37.

5

Williams replied, "Yes, sir." There was no objection to the amendment. Later in the hearing, after the circuit court had accepted Williams's guilty plea and asked the State's recommendation on sentencing, the prosecutor, in recommending twenty years with five suspended, stated that during negotiations, the State believed Williams would have to serve 100 percent of the sentence, "day for day," and he just wanted "to put that on the record as well."

The State filed the amended information on March 8, reflecting that Williams was charged as a habitual offender having four or more prior felony convictions. Later that day, the court entered a sentencing order reflecting Williams's negotiated guilty plea to residential burglary as a habitual offender.

Even if Williams's assertion was factually correct, this argument is being made for the first time on appeal. A due-process issue must be raised to the circuit court to preserve the issue for appellate review, *see Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591; because the issue was not raised to the circuit court, it is not preserved for appellate review. Furthermore, claims of trial error, even allegations of constitutional error, are not cognizable within the purview of section 16-90-111. *Lukach v. State*, 2017 Ark. 128, 516 S.W.3d 711.

Williams next argues that the ADC miscalculated his parole eligibility. This argument is not a cognizable claim in a petition to correct an illegal sentence. Eligibility for parole as set forth by statute is not a ground for relief pursuant to section 16-90-111 because determinations concerning parole eligibility do not call into question the legality of the original judgment in the case. *Rainer v. State*, 2022 Ark. 159, 651 S.W.3d 713. Furthermore,

6

claims pertaining to parole eligibility as fixed by statute fall clearly within the domain of the ADC. *Id.* Because parole eligibility falls clearly within the executive branch, and specifically, the ADC, the appellate courts lack jurisdiction to instruct the circuit court to apply specific parole statutes to criminal convictions. *Sims v. Payne*, 2023 Ark. 187, 678 S.W.3d 766.

Williams's last argument on appeal is that the State failed to prove his guilt beyond a reasonable doubt on the allegation of burglary. But Williams pled guilty to that charge; with respect to whether there was sufficient evidence to support the conviction, any issue concerning the sufficiency of the evidence was an issue to be settled before a plea of guilty was entered. *Swift v. State*, 2015 Ark. 381. Nevertheless, a challenge to the sufficiency of the evidence to convict is not a cognizable claim under section 16-90-111 because it does not implicate the facial validity of the judgment. *Dirickson v. State*, 2021 Ark. 36, 617 S.W.3d 712.

Williams failed to carry his burden of demonstrating that his sentence was facially illegal. Furthermore, the circuit court did not clearly err by denying his petition as untimely pursuant to Rule 37.2(c) of the Arkansas Rules of Criminal Procedure.

Affirmed.

KLAPPENBACH, C.J., and WOOD, J., agree.

*Julius Ray Williams*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.