Cite as 2025 Ark. 20
# SUPREME COURT OF ARKANSAS
No. CR–24–144

| | |
|---|---|
| WILLIE MCDANIELS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: March 13, 2025<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CR-09-187]<br><br>HONORABLE CATHLEEN V. COMPTON, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Willie McDaniels appeals the circuit court's denial of his pro se petition to correct an illegal sentence. He filed his petition under Arkansas Code Annotated section 16-90-111 (Repl. 2016). The circuit court found his sentences were not illegal because both were within the statutory range and that the sentencing court had followed the jury's recommendation. We affirm.

A jury convicted McDaniels of two counts of rape, and he was sentenced to concurrent terms of 480 months' imprisonment on each count. The Arkansas Court of Appeals affirmed on direct appeal. *McDaniels v. State*, 2012 Ark. App. 219. Subsequently, he sought postconviction relief under Arkansas Rule of Criminal Procedure 37.1. The circuit court denied relief, and we affirmed. *McDaniels v. State*, 2014 Ark. 181, 432 S.W.3d 644. Now, McDaniels claims his sentence is illegal. The circuit court denied his petition, and he appeals.

Arkansas Code Annotated section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *Woodruff v. State*, 2024 Ark. 13, at 2, 682 S.W.3d 662, 664. An illegal sentence is one that is illegal on its face. *Id.* The petitioner seeking relief under section 16-90-111(a) has the burden of showing the sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Id.*

On review, a circuit court's decision to deny relief under section 16-90-111 will be overturned only if that decision is clearly erroneous. *Harmon v. State*, 2023 Ark. 120, at 2, 673 S.W.3d 797, 799. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* McDaniels's petition alleged that his sentences were illegal because they departed from the sentencing guidelines. The circuit court explained that at the time of his sentence, a Class Y felony carried a sentencing range of not less than ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401 (Repl. 2006). McDaniels was sentenced to concurrent terms of 480 months' imprisonment on each of the two counts of rape, Class Y felonies. Thus, McDaniels's sentences were within the statutory range and are facially legal. As a result, the circuit court dismissed the petition.

On appeal, McDaniels abandons his argument that the sentences are illegal because they depart from the general sentencing guidelines. Rather, he now argues that his Sixth Amendment right to a fair and impartial jury was violated because trial counsel was ineffective by (1) remaining silent when the trial court ordered the jury to continue deliberations when it initially returned a hung verdict on count one; (2) being inattentive

2

during the jury trial; and (3) remaining silent when there was a failure to have documentation attached to the judgment and commitment order supporting the reasons for the sentencing departure. These arguments were not raised below. We do not address arguments that are raised for the first time on appeal. *Jackson v. State*, 2018 Ark. 209, at 4, 549 S.W.3d 346, 348. Likewise, issues raised below but not argued on appeal are considered abandoned. *Cullen v. State*, 2023 Ark. 172, at 3, 678 S.W.3d 20, 22.

Accordingly, as all arguments are either abandoned or not preserved for review, we affirm the circuit court's denial of the petition to correct an illegal sentence.

Affirmed.

Special Justice MARK ALLISON joins.

BRONNI, J., not participating.

*Willie McDaniels*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.