Cite as 2025 Ark. 94

# SUPREME COURT OF ARKANSAS

No. CR–24–532

| | | |
|---|---|---|
| ERIC BURGIE | | **Opinion Delivered:** May 29, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT |
| V. | | [NO. 26CR-00-366] |
| STATE OF ARKANSAS | | HONORABLE RALPH OHM, JUDGE |
| | APPELLEE | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Appellant Eric Burgie filed for relief under Arkansas Code Annotated section 16-90-111 (Repl. 2016) to correct his sentence on the basis that the circuit court lacked jurisdiction. He alleged that, at the time of his conviction, aggravated robbery was not listed as an underlying felony for capital murder. Because res judicata applies, we hold the circuit court was not clearly erroneous in denying Burgie's petitions. We affirm.

In 2001, a jury convicted Burgie of capital murder and aggravated robbery and sentenced him to life imprisonment without parole. This court affirmed. *Burgie v. State*, CR-02-90 (Ark. Feb. 20, 2003) (unpublished per curiam). This appeal is from a May 7 order denying his petitions for in forma pauperis status and petitions to correct an illegal sentence.[1] We affirm the denial of relief.

---

[1]Burgie filed multiple petitions, both for in forma pauperis status and relief under the statute, before the circuit court's order. He filed petitions on February 22, and April 15 (before the order), and on May 21, and August 15 (after the order).

On review, a circuit court's decision to deny relief under section 16-90-111 will be overturned only if that decision is clearly erroneous. *Harmon v. State*, 2023 Ark. 120, at 2, 673 S.W.3d 797, 799. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. *Id.*

Again, Burgie argues that the trial court did not have jurisdiction in his original criminal case. In 2001, he was convicted of capital murder with aggravated robbery as the underlying felony under Arkansas Code Annotated section 5-10-101 (Repl. 1997). Burgie has repeatedly asserted that the trial court lacked jurisdiction because aggravated robbery was not included in the list of underlying felonies. Burgie's argument has not only been asserted previously but has also been rejected by this court *See Burgie v. State*, 2016 Ark. 170 (per curiam) (noting this was the third time Burgie had raised the issue); *Burgie v. State*, 2016 Ark. 144 (per curiam); *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). We have addressed the issue in other cases as well. *See, e.g.*, *Jefferson v. State*, 2023 Ark. 38, at 3, 660 S.W.3d 575, 578; *Nooner v. State*, 322 Ark. 87, 106, 907 S.W.2d 677, 687 (1995). Robbery was an underlying felony, and aggravated robbery is still robbery; therefore, aggravated robbery was an appropriate "underlying felony" to support a capital-murder conviction. *Id.*

The purpose of claim preclusion is to end litigation by preventing a party who has already had a fair trial on the matter from litigating it again. *Gulley v. State ex rel. Jegley*, 2023 Ark. 70, at 6, 664 S.W.3d 421, 425. Claim preclusion bars relitigating a subsequent suit when five factors are present: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good

faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Id*. at 6, 664 S.W.3d at 426.

Burgie's claims on this issue have been presented, litigated, and denied. For these reasons, we hold the circuit court's decision was not clearly erroneous and affirm. We put Burgie on notice that further attempts to litigate this issue may be summarily dismissed by this court or the circuit court.[2]

We decline to address the denial of his petition to proceed in forma pauperis. Any finding is now moot. *See, e.g.*, *Lukach v. State*, 2020 Ark. 175.

Affirmed.

Special Justice DON CURDIE joins.

BRONNI, J., not participating.

*Eric Burgie*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

---

[2] As explained, he has raised the issue four times now in this court as well as filing four petitions in 2024 alone in the circuit court.